[No. 11728.   Department One.   January 29, 1914.]

*In the Matter of the Estate of* HENRY E. CHRISTENSEN.[1]

APPEAL—DECISIONS APPEALABLE—FINAL JUDGMENTS.   A memorandum decision of the trial judge is a mere direction to counsel in the preparation of formal orders, and an appeal is premature where it does not appear that any formal judgment or decree was entered, or that the clerk made any minute of the decision.

Appeal from a memorandum decision of the superior court for Franklin county, Holcomb, J., entered August 14, 1913, holding the proceeds of life insurance policies exempt and not assets of the estate.   Appeal dismissed.

*Lovell & Davis,* for appellant German-American State Bank.

*William O'Connor,* for appellant James W. McBurney.

*Benton Embree,* for respondent.

CHADWICK, J.—Henry E. Christensen died, leaving a widow and two children.   His estate consists principally of about $17,000 in life insurance, which has been collected by his administrator.   Pending administration, the widow of the deceased filed a petition praying that the proceeds of the insurance policies be set apart as exempt, under Rem. & Bal. Code, § 569 (P. C. 81 § 881).   The policies were made payable in part to his estate and in part to his executors and administrators.   The administrator contested the petition of the widow, and the German-American State Bank filed a petition in intervention, setting up its interest in the estate as a creditor.   The matter came on for hearing before Judge Holcomb, who rendered an elaborate opinion in which he held that the proceeds of the policies were exempt, and that the administrator could not charge them as assets of the estate,

[1]Reported in 138 Pac. 1.

except for certain unpaid premiums which had been paid by him, and his usual commission as upon a fund passing through his hands. The opinion of the court was filed and is brought here as a part of the transcript. It is not made to appear that any formal judgment or decree was entered, nor does it appear that the clerk of the court made any minute of the memorandum decision of the judge. A motion to dismiss the appeal has been made on the ground that a memorandum decision of the court is not an appealable order.

While it is possible that the merit of this case could be as conveniently discussed under the present appeal as if a formal order had been entered below, we are nevertheless constrained to hold, in the interest of orderly procedure, that the appeal is premature. It has been the practice of this court—and in the light of the statute, Rem. & Bal. Code, §§ 442, 1716 (P. C. 81 §§ 787, 1193), no other practice should be tolerated—to treat a memorandum decision of the superior judge as a direction to counsel in the preparation of the formal orders contemplated by our practice acts. We think, therefore, that, until a formal order is entered denying the petition of the administrator and the petition in intervention of the German-American State Bank, no appeal can be prosecuted.

No cases covering the exact case before us have been cited, but it seems to us that the case of *Cline Piano Co. v. Sherwood*, 57 Wash. 239, 106 Pac. 742, is in point. The question there for the court to decide was whether a lien of an attorney would attach from the time the trial judge announced his conclusions, or at the time his ruling was formally entered as a judgment. We held, after reference to our own decisions, particularly *Gould v. Austin*, 52 Wash. 457, 100 Pac. 1029, that it was there

"Finally declared as the law in this state that the formal written judgment must be deemed the actual judgment of the court, and that previous recitals cannot ordinarily be held to be binding on the parties or the court."

The appeal will be dismissed without prejudice to either party, to apply to the court below for the entry of a formal order and to appeal therefrom.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.