[No. 20012.   Department Two.   November 9, 1926.]

LOUIS BINO, *by his Guardian ad litem Laura Bino, Respondent,* v. H. VEENHUIZEN *et al., Appellants.*[1]

[1] TRIAL (126)—VERDICT—FORM—CORRECTION BY JURY. The trial court may, under Rem. Comp. Stat., § 360, send the jury back to correct an informal verdict, notwithstanding the informality was merely surplusage which would not have prevented the court from receiving it.

[2] SAME (123, 124)—VERDICT—RENDITION AND RECEPTION—ASSENT OF JURORS. Under Rem. Comp. Stat., § 361, if the jury has been sent back to further consider a case because of an informality in the verdict returned, and thereafter failed to agree upon a new verdict, the court has no power to enter judgment upon the verdict first returned.

Appeal from a judgment of the superior court for King county, Jones, J., entered January 29, 1926, denying defendant's motion for judgment upon a verdict. Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellants.
*Adam Beeler* and *John F. Dore,* for respondent.

ASKREN, J.—This appeal is from a judgment of the trial court refusing to enter a claimed valid verdict of a jury in favor of the appellants.   The facts follow:

[1]Reported in 250 Pac. 450.

At the close of the trial, the jury were sent out to deliberate upon their verdict. Later, the court was notified that they had reached a verdict, and he ordered them brought into open court. The jury was then asked if they had agreed upon a verdict in the case, and the foreman responded in the affirmative. The verdict, omitting the formal parts, was as follows:

"We the jury in the above entitled cause do find for the defendant. Not guilty.

"Virginia Kennett, Foreman."

At the time, none of counsel for the parties was present save one of the attorneys for the plaintiff. The court was of the opinion that the verdict was defective by reason of containing the words "not guilty," and called the plaintiff's counsel to the bench. After some consultation, the court instructed the jury that the verdict was defective and sent them back to correct it. The verdict was not returned with the jury. Shortly thereafter, the jury returned with an inquiry whether they should ballot or not, and were instructed by the court that the case was still in their hands, and that they should ballot until they reached a verdict. Later, the jury announced that they were unable to agree. One of the jurors said that after the verdict had been reached an hour had passed without objection, although three jurors had gotten together in a corner and whispered. The jury were sent back to the jury room, and later, upon being returned to court, in the presence of counsel for both parties, announced that they were unable to reach a verdict, and were then discharged from further consideration of the case.

Appellant thereafter moved the court to enter judgment upon the verdict which had been brought in by the jury, and which the court, deeming informal and defective, had sent back for correction. Upon its refusal, this appeal resulted.

[1] Appellant urges that the verdict was one that should have been received by the trial court, inasmuch as the words "Not guilty" contained therein were mere surplusage. That it was one that the court could have received must be admitted; for, by our previous decisions, if the verdict be such as shows the plain intent of the jury, and is sufficient under the issues, the court may accept and record the same and treat the informal parts as surplusage. *Martin v. Nichols,* 110 Wash. 451, 188 Pac. 519; *Pearson v. Arlington Dock Co.,* 111 Wash. 14, 189 Pac. 559.

But whether the court should have accepted this verdict, which it considered informal and defective, presents another question. Section 360, Rem. Comp. Stat. [P. C. § 8522], provides:

"If the verdict be informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may again be sent out."

Reading the above quoted section, it is apparent that the court is authorized by statute to send the jury out for further deliberation in cases where the verdict is informal or defective. The law does not require that this be done, but authorizes it, if in the judgment of the court it should be done.

The purpose of the law is apparent. All too often questions arise upon the true construction of verdicts, —even those that are only informal and defective,— and appeals result. It is to the interest of clients, counsel and the courts to have verdicts returned in such form as to obviate perplexing questions arising therefrom. The trial court, out of an abundance of caution, desired to have the verdict in proper form. His action, therefore, should be commended rather than frowned upon.

In *Grant v. State,* 33 Fla. 299, 14 South. 757, a jury in a murder case returned a verdict finding the defendant

"guilty of manslaughter in the first degree." Inasmuch as there are no degrees of manslaughter the words "in the first degree" were mere surplusage, and rendered the verdict informal and defective. The court sent the jury out for the purpose of correcting the verdict, and they later returned with a verdict of murder in the first degree. Upon appeal, it was urged that the court should have accepted the first verdict, but the court rejected this contention, saying:

"In the case before us, the finding of manslaughter in the first degree was technically informal, as there are no degrees of manslaughter, although we are of the opinion that such a verdict was in legal effect one of manslaughter, and the court might have regarded the words 'in the first degree' surplusage, and proceeded to affirm the verdict. We cannot say, however, that the court erred in referring the matter to the jury for correction in the particular mentioned; and, when this was done, they had the right to reconsider the case, and bring a new verdict."

[2] But there is another reason why the court could not thereafter enter judgment upon this verdict. It was never received by the court as the final verdict of the jury in the case.

Section 361, Rem. Comp. Stat. [P. C. § 8523], provides:

"When the verdict is given, and is such as the court may receive, and if no juror disagree or the jury be not again sent out, the clerk shall file the verdict. The verdict is then complete, and the jury shall be discharged from the case. The verdict shall be in writing, and under the direction of the court shall be substantially entered in the journal as of the day's proceedings on which it was given."

As long as the jurors, under the direction of the court, exercised according to law, have the case in their hands, it is within their province to change or modify

the verdict. A juror, after agreeing to a verdict may, when the jury is polled and his name called, refuse to assent to the verdict although within the jury room he has assented. *Coughlin v. Weeks,* 75 Wash. 568, 135 Pac. 649. In such a case the jury may be sent out to further deliberate. Until a verdict is reached and the jury discharged its action is not final. In this case the jury were not polled and we have no way of knowing whether the requisite number agreed upon the verdict or not. As a matter of argument much might be said in favor of the proposition that a jury which refuses to bring in a verdict upon being sent out to correct a formal defect never had agreed to the defective one brought in.

In *Grant v. State, supra,* this same question was urged upon the court. The court there said:

"The judge refused to receive the verdict when given by the jury, and they were instructed to retire, and present a verdict in proper form. Thereupon they retired, and brought in another and different verdict. The first verdict was never recorded, nor does it appear from the record before us that it had ever been affirmed as the unanimous finding of the jury. The jury having retired and brought in a different verdict, which was recorded, it cannot be held that the first is the verdict of the jury, or that it has any validity whatever. The case was still in the hands of the jury upon their second retirement, and, not being bound by their former action, they were at liberty to review the case, and bring in an entirely new verdict."

We think the trial court committed no error in refusing to record this defective verdict and enter judgment thereon.

Judgment affirmed.

TOLMAN, C. J., FULLERTON, PARKER, and MACKINTOSH, JJ., concur.