[No. 20402. Department One. March 3, 1927.]

ALICE MAY FOGELQUIST, *Respondent*, v. T. MEYER, *Appellant.*[1]

[1] COURTS (40)—RULES OF DECISION AND ADJUDICATIONS—CORRECTION IN SAME COURT—MEMORANDUM DECISIONS. The memorandum decision at the close of a trial to the court, not filed as or purporting to be an order, is a mere expression of the views of the court for the direction of counsel in preparing a formal order, until which time the matter is still within the mind of the judge, who has the right to change the ruling.

[2] APPEAL (71)—DECISIONS APPEALABLE—ORDERS AFFECTING SUBSTANTIATED RIGHT—AFTER JUDGMENT. No appeal lies from an order denying a motion for a new trial after final judgment.

Appeal from an order of the superior court for King county, Stern, J., entered June 29, 1926, denying a new trial, after trial on the merits, findings and judgment,

¹Reported in 253 Pac. 794.

in favor of the plaintiff in an action on contract. Appeal dismissed.

*Edwin H. Flick* (*H. Gordon Chute,* of counsel), for appellant.

*Frank Oleson* and *Frank A. Steele,* for respondent.

MAIN, J.—The plaintiff brought an action seeking to recover damages resulting from the faulty construction of a dwelling house. The cause was tried to the court without a jury and resulted in findings of fact and conclusions of law sustaining a recovery. Judgment was entered in favor of the plaintiff for two thousand five hundred dollars. The defendant interposed a motion for a new trial which, after hearing thereon, was by the court taken under advisement. On June 9, 1926, the court caused to be filed in the cause the following memorandum opinion:

"No. 184378
"Memorandum Decision
"Frank A. Steele, Attorney for Plaintiff;
"Edwin H. Flick, Attorney for Defendant;
"When this case was tried I had very little hesitancy in awarding the plaintiff substantial damages because I thought that in all my experience I had never seen a greater 'botch job' than the defendant contractor did in this particular case. I still think that his work was very slipshod, and in fact his present counsel admits, as did his former counsel, that there were many acts of omission and commission for which substantial damages ought to be awarded.

"Defendant's present counsel has certainly made an extraordinary showing, and I am assuming he has made it in good faith, and I am relying upon his statement and the statements contained in the affidavits that the defendant contractor was not aware of the conditions which he now says obtained with respect to the soil, in coming to a conclusion upon the motion.

"I have hesitated, I will admit very frankly to grant a new trial in this case because, from the evidence as I

viewed it, the damages which I awarded were not suffi-
cient to compensate the defendant; however, in view of
the strong showing made by the defendant and the fur-
ther fact that it is claimed, at least by one of the affiants,
that the plaintiff was aware before she built the house
of the nature of the soil, and that there might be a slid-
ing which would create instability, I am constrained to
grant the new trial in order that defendant may have
the fullest and fairest opportunity to present his case
to some other member of this court. Let me add, how-
ever, that this is a case where, if possible, the defendant
ought to make an adjustment with the plaintiff out of
court and avoid the expense of another trial.

"An order to this effect may be entered.

"Dated this 9th day of June, 1926.

"Samuel R. Stern,

"Judge."

This opinion was marked filed by the clerk, but it was
not entered on the journal as an order. Within a day or
two thereafter, the plaintiff made an application for a
rehearing. This was resisted by the defendant but
was subsequently granted. On June 18, 1926, the court
filed another memorandum opinion, to the effect that
the case would be re-opened for additional evidence on
behalf of both parties. The defendant opposed the
rehearing and the opening of the case and contended
that he was entitled to a new trial. On June 29, 1926,
the court caused to be entered a formal order by which
the motion for new trial was denied. From this order
the defendant appeals. There is no appeal from the
judgment entered in the cause.

[1] The plaintiff moves to dismiss the appeal on
the ground that an order overruling or denying a mo-
tion for new trial is not an order from which an appeal
may be taken. The pivotal point in the case is whether
the memorandum decision above set out was an order
in the case. If it was an order which operated to grant
a new trial, then it may be admitted that the court did

not subsequently have a right to reverse the order and deny the motion for a new trial. On the other hand, if the memorandum decision did not have the effect of an order, then the matter was still within the mind of the court and it could change its ruling if it saw fit to do so. In the case of *In re Christensen's Estate,* 77 Wash. 629, 138 Pac. 1, there was filed in the cause what is stated in the opinion to be an elaborate memorandum opinion. The question there, as here, was whether such a decision operated as an order of the court. It was there said:

"While it is possible that the merit of this case could be as conveniently discussed under the present appeal as if a formal order had been entered below, we are nevertheless constrained to hold, in the interest of orderly procedure, that the appeal is premature. It has been the practice of this court—and in the light of the statute, Rem. & Bal. Code, §§ 442, 1716 (P. C. 81, §§ 787, 1193), no other practice should be tolerated— to treat a memorandum decision of the superior judge as a direction to counsel in the preparation of the formal orders contemplated by our practice acts. We think, therefore, that, until a formal order is entered denying the petition of the administrator and the petition in intervention of the German-American State Bank, no appeal can be prosecuted."

In *Chaffee v. Hawkins,* 89 Wash. 130, 154 Pac. 143, on petition for rehearing, it was said:

"Another and sufficient reason for passing the second ground of the motion to dismiss is that we have heretofore held that the announcement of the court's intention, either orally or by way of memorandum opinion, is not the entry of a judgment; that the appealable order is the final and formal judgment of the court."

The case of *Russell v. Schade Brewing Co.,* 49 Wash. 362, 95 Pac. 327, is not out of harmony with the decisions just cited. In the case of *Coyle v. Seattle Elec-*

16—142 WASH.

*tric Co.,* 31 Wash. 181, 71 Pac. 733, the order granting a new trial was entered in the court journal and the question there was not the same as now presented.

The memorandum decision in question does not purport to be an order in the cause. It is not such either in fact or substance and it is apparent on its face that it was not so intended. It was an expression of the then views of the court and should be regarded as a direction to counsel in the preparation of a formal order. The memorandum decision not being an order, the court, as already stated, still had the power to change its ruling.

[2] The question is then presented, whether an order overruling or denying a motion for a new trial is appealable. The case of *Lefever v. Blattner,* 57 Wash. 637, 107 Pac. 835, was tried to the court without a jury as was the present case. Findings of fact, conclusions of law and a judgment were entered. Motion for the vacation of the judgment and new trial was made and denied on April 22, 1909, from which the defendant appealed. It was there said:

"If the appeal is from the order of April 22, 1909, refusing to vacate the judgment and grant a new trial, appellant can have no standing in this court, as under the rule announced in *Sound Investment Co. v. Fairhaven Land Co.,* 45 Wash. 262, 88 Pac. 198, it is not an appealable order."

It follows that under the previous holdings of this court the motion to dismiss the appeal must be granted, and it is so ordered.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.