[No. 23667.   Department Two.   November 16, 1932.]

CHARLES F. McCLELLAND, *Respondent*, v. MARGARET McCLELLAND, *Appellant*.[1]

*Gustave B. Aldrich,* for appellant.

*Lloyd & McGavick,* for respondent.

HERMAN, J.—Margaret McClelland, defendant in the case of Charles F. McClelland, plaintiff, v. Margaret McClelland, defendant, filed an amended petition, praying the court for an order modifying the interlocutory decree of divorce entered in the aforementioned cause.   The interlocutory decree as originally entered provided:

"It is further ordered, adjudged and decreed that the defendant be awarded as her own separate property, the five-room house, located at South 23rd and E streets, in the city of Tacoma, Pierce county, Washington, more particularly described as lot 13, in block

[1]Reported in 15 P. (2d) 941.

2310, 'Caughran's Addition'; that the plaintiff should assume and pay the balance due on the contract price, covering said property; this being in lieu of any support money for the maintenance of said minor child. That the defendant should be and is hereby awarded all the furniture now contained in the above mentioned five-room house, located at 23rd and E streets, in the city of Tacoma, as well as the community furniture, consisting of rugs, utensils, stove, dishes, beds, linen and other household articles, which she now has in her possession.

"The plaintiff is awarded as his separate property, the equity in the twelve acres of stump land located near Black Lake, Thurston county, Washington. Also the 1925 Dodge roadster, which is now in his possession."

It appears from the record that the balance unpaid on the house awarded defendant is the sum of $459, which is payable at the rate of twenty dollars per month. Petitioner alleged that the property was vacant and producing no income, and that all of the income which she had received previous to the time of filing the petition for modification had been applied by her upon the payments due under the contract.

Plaintiff filed a cross-petition, charging that defendant had failed to properly care for the minor child of the parties, and that she was committing waste upon the property awarded her. He further alleged that, since the granting of the interlocutory decree, defendant had made her home with her parents, and that the conduct of her parents toward plaintiff made it impossible for him to enjoy visiting the minor child.

The matter came on for hearing September 22, 1931, before Honorable E. D. Hodge. At the trial, defendant showed that she was living with her brother, and claimed that she was dependent upon him for support. September 23, 1931, the trial court made a memorandum decision, indicating an intention to award relief

to the defendant. Thereafter, the trial court entered an order which, omitting the title, date of signing and signature of the judge, reads as follows:

"It appearing that the memorandum decision was inadvertently filed herein and should be stricken from the files as not being applicable herein and cannot be complied with,

"It is ordered that the clerk of the court strike the same from the files."

October 30, 1931, the court entered findings of fact and conclusions of law. The same day, an order was entered denying the petitions of each of the parties for modification of the decree. From that portion of the order made and entered by the court dismissing her amended petition and denying her any relief, defendant appealed.

Appellant complains of the refusal of the trial court to transfer the cause to another judge. Before the hearing resulting in the order from which this appeal is taken, Honorable E. D. Hodge passed on a demurrer to appellant's amended petition. His order sustaining that demurrer was ruled upon in the case of *McClelland v. McClelland,* 163 Wash. 59, 299 Pac. 984.

Rem. 1927 Sup., § 209-2, provides:

"Any .party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: Provided, that such motion and affidavit is filed and called to the attention of the judge before he shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, and

before the judge presiding has made any order or ruling involving discretion, but the arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial, the arraignment of the accused in a criminal action or the fixing of bail, shall not be construed as a ruling or order involving discretion within the meaning of this proviso: And provided, further, that no party or attorney shall be permitted to make more than one such application in any action or proceeding under this act.''

In view of the provisions of the foregoing statute, appellant's motion for a change of venue was not timely.

■ Appellant assigns as error the fact that the court struck from the record its memorandum decision, and thereafter entered findings of fact and conclusions of law inconsistent with the views expressed in the memorandum decision. The order of the court dismissing the petitions of the parties hereto, from which appellant has taken this appeal, is based upon the findings of fact and conclusions of law entered after the memorandum decision was stricken. In the case of *Fogelquist v. Meyer,* 142 Wash. 478, 253 Pac. 794, the court said:

"In the case of *In re Christensen's Estate,* 77 Wash. 629, 138 Pac. 1, there was filed in the cause what is stated in the opinion to be an elaborate memorandum opinion. The question there, as here, was whether such a decision operated as an order of the court. It was there said:

" 'While it is possible that the merit of this case could be as conveniently discussed under the present appeal as if a formal order had been entered below, we are nevertheless constrained to hold, in the interest of orderly procedure, that the appeal is premature. It has been the practice of this court—and in the light of the statute, Rem. & Bal., §§ 442, 1716 (P. C. 81, §§ 787, 1193), no other practice should be tolerated—to treat a memorandum decision of the superior judge as a

direction to counsel in the preparation of the formal orders contemplated by our practice acts. We think, therefore, that, until a formal order is entered denying the petition of the administrator and the petition in intervention of the German-American State Bank, no appeal can be prosecuted.' . . .

"The memorandum decision in question does not purport to be an order in the cause. It is not such either in fact or substance and it is apparent on its face that it was not so intended. It was an expression of the then views of the court and should be regarded as a direction to counsel in the preparation of a formal order. The memorandum decision not being an order, the court, as already stated, still had the power to change its ruling."

The purpose of the memorandum decision was to guide counsel in the preparation of findings of fact and conclusions of law and the final order. Until such instruments were signed, the disposition of the cause was subject to the conscience of the court, and the trial court did not err when it struck from the files its memorandum decision and thereafter entered an order inconsistent therewith.

Appellant also assigns as error the findings of the court as to the value of the property. The trial court had the benefit of seeing and hearing the witnesses, and the record does not indicate that the evidence clearly preponderates against the findings. Under these circumstances, the findings of the trial court will not be interfered with. It does not appear that the trial court erred in the disposition of the property rights of the parties.

Judgment affirmed.

TOLMAN, C. J., BEALS, STEINERT, and MAIN, JJ., concur.