[No. 27976.   Department Two.   September 3, 1940.]

Frank Ullom *et al., Respondents,* v. The City of Renton, *Appellant.*[1]

*Paul W. Houser, Philip Tworoger,* and *Albert M. Franco,* for appellant.

*Mark M. Litchman,* for respondents.

Jeffers, J.—This action was instituted by Frank Ullom and Margaret B. Ullom, his wife, against the city of Renton, to recover damages for injuries claimed to have been sustained by Margaret Ullom, as the result of the failure of defendant to maintain one of its sidewalks in a reasonably safe condition.

The allegations of the amended complaint, relative to the negligence of defendant, are as follows:

"On the 24th day of May, 1938, the plaintiffs were walking east on the north side of Second avenue, when, at a point approximately 40 feet west of the east line of lot 3, block 12, Original Plat of the town of Renton, the plaintiff wife stepped into a defect in the sidewalk

[1]Reported in 105 P. (2d) 69.

caused by a sinking of a portion thereof, which left an irregular, rough depression, all of which was caused by the negligence of the defendant city in not repairing the same, the said defect having been in existence for some time prior to the said accident; the plaintiff wife lost her balance and fell heavily to the sidewalk, dragging the plaintiff husband with her."

Defendant answered the complaint, denying the allegations of negligence and alleging affirmatively that any injuries sustained by plaintiff wife were due to the fault, carelessness, and negligence of plaintiffs, which negligence contributed to and was the proximate cause of the injuries, if any, sustained by Mrs. Ullom.

The cause was tried to the court without a jury, and on November 21, 1939, the court made and entered findings of fact, from which the court concluded plaintiffs were entitled to judgment against the city in the sum of $585. Judgment was entered on the findings and in accordance with the conclusion, on November 21, 1939. Motion for new trial was made by defendant and denied January 13, 1940. On February 1, 1940, defendant, city of Renton, filed the following notice of appeal:

"To Frank Ullom and Margaret Ullom, his wife, plaintiffs herein, and to Mark M. Litchman, attorney for plaintiffs,

"Notice of appeal in the above entitled cause is hereby given by the defendant herein, City of Renton, from the memorandum opinion of Judge J. T. Ronald of the superior court of the state of Washington in and for the county of King, dated the 12th day of January, 1940, to the supreme court of the state of Washington.

"Dated this................day of February, 1940.

................................................................

*Attorneys for Defendant.*"

No other notice of appeal was given.

Rem. Rev. Stat., § 1716 [P. C. § 7290], provides that

"Any party aggrieved may appeal to the supreme court in the mode prescribed in this title from any and every of the following determinations, and no others, made by the superior court, or the judge thereof, in any action or proceeding . . . "

Then follows an enumeration of the determinations from which an appeal may be taken. A memorandum decision is not such a determination as is contemplated by the statute.

In the case of *Fogelquist v. Meyer,* 142 Wash. 478, 253 Pac. 794, after referring to the case of *In re Christensen's Estate,* 77 Wash. 629, 138 Pac. 1, wherein reference is made to § 1716, *supra,* we stated:

"The memorandum decision in question does not purport to be an order in the cause. It is not such either in fact or substance and it is apparent on its face that it was not so intended. It was an expression of the then views of the court and should be regarded as a direction to counsel in the preparation of a formal order. The memorandum decision not being an order, the court, as already stated, still had the power to change its ruling."

See, also, *Hawley v. Priest Rapids Ice etc. Co.,* 172 Wash. 71, 19 P. (2d) 400.

In the instant case, it is apparent the memorandum decision was not intended to be, and was not in fact, an order.

A formal judgment was made and entered November 21, 1939, after a hearing on the merits, and a formal order denying the motion for new trial was made and entered on January 13, 1940. It follows, therefore, that no appeal will lie from the memorandum decision in this case, and that this court is without jurisdiction to consider this appeal.

While respondents have not moved to dismiss this appeal, we held in the case of *Seattle Nat. Bank v.*

*Trefethen,* 168 Wash. 173, 11 P. (2d) 244, that, where a question of jurisdiction is involved, it may be raised at any time, and it is a question which the court itself will raise.

This appeal must be, and is therefore, dismissed.

BLAKE, C. J., BEALS, STEINERT, and DRIVER, JJ., concur.