[No. 30674. Department Two. March 8, 1949.]

THE STATE OF WASHINGTON, *Appellant*, v. GEET T. GOARD, *Respondent.*[1]

*Phillip Sheridan, C. P. Brownlee,* and *Harold Hall,* for appellant.

*John C. Richards* and *Max Kosher,* for respondent.

GRADY, J.—The respondent, Geet T. Goard, was charged by counts I and II in an information filed by the prosecuting attorney of Snohomish county, Washington, with having committed an unnatural offense upon the persons of

[1] Reported in 203 P. (2d) 355.

each of two minor female children, and by counts III and IV with having taken indecent liberties with them.

When the appellant rested its case, the respondent orally moved for a directed verdict of not guilty as to counts I and II in the information. In ruling upon the motion, the trial judge stated he would grant the same, but would submit to the jury under counts III and IV the question of whether the acts testified to in the effort to prove the charges in counts I and II would constitute indecent liberties.

At the close of the case, the court instructed the jury that, as to counts I and II, its verdict must be that the accused was not guilty. The jury followed the direction of the court, and also found the respondent not guilty of the other offenses charged. No written order which, in effect, abated or determined counts I and II in the information, or discontinued the same, has been signed by the trial judge and entered by the clerk of the court.

By supplemental transcript, it appears that, subsequent to the rendition of the verdict of the jury and prior to the time of the filing of the notice of appeal, the appellant prepared and served upon counsel for respondent a proposed order of the court, which they approved as to form. The proposed order contained appropriate preliminary recitals, and then read as follows:

"IT IS ORDERED, ADJUDGED AND DECREED, that the Defendant's Motion for a Directed Verdict as to Counts I and II of the aforesaid Information be granted and that the Jury be and it hereby is directed to return a Verdict of Acquittal for the Defendant on Counts I and II of the aforesaid Information."

The trial judge did not sign the proposed order.

The verdict was returned on June 9, 1948. On June 12, 1948, the appellant served and filed a writen notice of appeal to the supreme court of Washington

" . . . from each and every part of that certain ruling made by the above entitled Court in the above entitled action on the 8th day of June, 1948, in granting the motion of the defendant for a directed verdict of acquittal as to Counts 1 and 2 of the Information filed in the above entitled

cause and resulted in the above entitled Court directing the jury to return a verdict of not guilty as to counts 1 and 2 of the aforesaid information."

The respondent in his brief has made a motion to dismiss this appeal upon the ground that there exists no order from which an appeal may be taken by the appellant; and as such a motion is a challenge to the jurisdiction of this court to entertain the appeal, it must be met and decided before we can consider the appeal on its merits.

■ The right of the state of Washington to take an appeal in a criminal action is statutory, and, so far as is necessary to be considered in the case before us, our statute, Rem. Rev. Stat., § 2183-1 [P.P.C. § 5-3], is as follows:

"The state may have a right of appeal to the supreme court, upon giving the same notice as is required of other parties, when the error complained of is based on the following:   .  .  .   (5)   Any order which in effect abates or determines the action, or discontinues the same, otherwise than by an acquittal of the defendant by a jury   .  .  ."

It will thus be seen from the record we have before us that we must determine whether the action taken by the court and of which complaint is made can be said to constitute "any order which in effect abates or determines the action, or discontinues the same."

When the court in its instructions to the jury directed a verdict of not guilty as to counts I and II in the information and the jury followed such direction by returning such a verdict, the action before the court upon counts I and II in the information was determined so far as the state of Washington and the defendant were concerned, but neither the ruling of the court upon the motion, the direction of the court in its instructions, nor the verdict of not guilty furnished the basis for an appeal by the appellant, as neither constituted an "order" as that word is used in the statute.

During the trial of a case, and thereafter, the court may make rulings and pronouncements and may make orders and give directions, but before any of them can become the

basis of an appeal to this court they must be put into the form of a formal written order or judgment and be signed by the judge and entered by the clerk of the court, unless some statute may provide otherwise. They must have the attribute of finality and not be merely interlocutory, unless made appealable by statute. Such a rule of law is not a surrender of substance to form, but is one of necessity in the orderly procedure of taking an appeal from a trial court to an appellate court. *Robertson v. Shine*, 50 Wash. 433, 97 Pac. 497; *In re Christensen's Estate*, 77 Wash. 629, 138 Pac. 1; *Chaffee v. Hawkins*, 89 Wash. 130, 154 Pac. 143, 157 Pac. 35; *Codd v. Von Der Ahe*, 92 Wash. 529, 159 Pac. 686; *Strickland v. Rainier Golf & Country Club*, 156 Wash. 640, 287 Pac. 900; *Billias v. Panageotou*, 193 Wash. 523, 76 P. (2d) 987; *State v. Diamond Tank Transport*, 200 Wash. 206, 93 P. (2d) 313; *Ullom v. Renton*, 5 Wn. (2d) 319, 105 P. (2d) 69.

The foregoing cases present different factual situations than we have before us in this case, but we cite them as illustrative of the rule that an appeal must be based upon an order or judgment which the statute provides may be appealable. In *Robertson v. Shine*, 50 Wash. 433, 97 P. (2d) 497, speaking on the question of finality of decision to support an appeal, we said:

"The respondent moves in this court to dismiss the appeal on the ground that it is premature, as no final judgment has been entered in the cause. The motion must be granted. In the absence of an express statute permitting the practice, no appeal will lie from intermediary orders made by the court, nor from rulings and decisions not expressed in a final judgment. We have no statute permitting an appeal from a decision such as was here made by the court. The so-called judgment was nothing more than an announcement of the court of its conclusions from the evidence, which must be expressed in a formal written judgment before it becomes binding upon either party. As no such judgment was entered there is nothing from which an appeal can be taken."

In *State v. Diamond Tank Transport*, 200 Wash. 206, 93 P. (2d) 313, we regarded an appeal from an oral announce-

ment of the court as premature and not sufficient to confer jurisdiction, and stated:

"At the threshold, we are met with the question of jurisdiction. In *Codd v. Von Der Ahe*, 92 Wash. 529, 159 Pac. 686, there was an attempt to appeal from the oral decision of the trial court, and it was there said:

" 'We cannot entertain an appeal, as from a final judgment, from an oral order which was never expressed in a formal written judgment.'

"That case is controlling. The case of *Robertson v. Shine*, 50 Wash. 433, 97 Pac. 497, is to the same effect.

"The question is not whether an oral notice of appeal can be given at the proper time, but whether there is any judgment or order from which an appeal can be taken."

■ This appeal is taken from what appellant terms a "ruling" of the trial judge in granting the motion of the respondent for a directed verdict resulting in the court directing such a verdict, and although it resulted in a verdict of acquittal and thus determined the action, it cannot be said to be an "order" contemplated by Rem. Rev. Stat., § 2183-1. The ruling of the court that the motion of the respondent for a directed verdict should be granted and its act in giving such a direction to the jury, should have been carried forward into a written order or judgment signed by the trial judge and entered by the clerk of the superior court.

The appeal must be dismissed, and it is so ordered.

JEFFERS, C. J., ROBINSON, SIMPSON, and SCHWELLENBACH, JJ., concur.