[No. 34799. Department One. April 30, 1959.]

KEITH MILLER, *Respondent*, v. JOHN GERANIOS *et al.*, *Appellants*, BROOKS REALTY COMPANY, *Respondent*.[1]

*Frederick Paul*, for appellants.

*Everett O. Butts*, for respondent.

PER CURIAM.—November 13, 1947, John Geranios and Nita Geranios, his wife, mortgaged their residence property to a savings and loan association as security for a loan in the amount of ten thousand dollars. July 24, 1951, the association assigned its note and mortgage to George Gibson and Diki Gibson, his wife. In a divorce decree entered January 28, 1954, the mortgage and note were awarded to Diki Gibson as her sole and separate property.

October 27, 1949, the Peter Pan Baking Company had obtained a judgment against John and Nita Geranios in the sum of $1,689.98. After an execution sale, the company received a sheriff's certificate of sale of the residence property, which it assigned to the Brooks Realty Company on October 7, 1955.

October 20, 1950, John Geranios and Nita Geranios executed a note in the sum of thirty-three hundred dollars to Army Seijas, and gave as security a second mortgage on their residence. Army Seijas assigned the note and mortgage to Keith Miller.

The commissioner of internal revenue, on behalf of the United States, obtained and filed liens for delinquent income tax payments against the real property of John Geranios and wife as follows: August 8, 1952, $19,362.41; February 10, 1953, $181.62 and $78.19.

April 27, 1954, J. Pederson obtained a judgment against John Geranios and wife. J. Pederson, after an execution sale, obtained a sheriff's certificate of sale to the residence property, which he assigned to William J. Truscott and wife, who received a sheriff's deed thereto November 18, 1955. The Truscotts executed a quit claim deed to the property to Artie Henderson on October 30, 1956.

November 14, 1955, Keith Miller commenced an action to foreclose

[1]Reported in 338 P. (2d) 763.

his second mortgage (King county cause No. 488069). January 20, 1956, Diki Gibson answered the Miller complaint and, by cross-complaint, commenced the foreclosure of her first and prior mortgage. November 24, 1956, Artie Henderson was granted leave to intervene. February 27, 1957, an order of default was entered against John Geranios and wife, and other defendants.

The issues being thus joined, the cause proceeded to trial before the court sitting without a jury.

April 19, 1957, the court entered its findings of fact and conclusions of law, and judgment. The court found that the two mortgages, supported by a valuable consideration, were due and unpaid, and ordered the mortgaged property sold, as provided by law.

The judgment provided that the proceeds from the sale be disbursed as follows: (1) to satisfy the Diki Gibson judgment on the first mortgage in full, (2) to satisfy the Keith Miller judgment on the second mortgage in full, and (3) to satisfy the judgment of the United States of America in full, subject to the interest of the Brooks Realty Company. Artie Henderson's interest in the property was adjudged junior and inferior to that of the other four creditors.

May 29, 1957, Keith Miller assigned his judgment to Betty Seijas. At the sheriff's sale of the residence property, Betty Seijas was the successful bidder. Her bid of $17,683.27 was sufficient to satisfy the first and second mortgage judgments and costs. The court confirmed the sale. June 29, 1957, the sheriff executed a certificate of sale to Betty Seijas.

There was no appeal from the judgment of the court entered April 19, 1957.

Betty Seijas' demand for possession of the premises was refused by Artie Henderson. Betty Seijas thereafter petitioned the court for an "order of restitution or assistance in ejectment."

John Geranios and Nita Geranios appeared, and requested the court to set aside the order of default entered against them, and that they be granted a new trial upon the grounds (1) that the mortgage to Army Seijas was fraudulently obtained and was without valid consideration; (2) that they had newly discovered evidence which would establish that the Brooks Realty Company (the purchaser of the Peter Pan Baking Company judgment) was principally owned and controlled by Army Seijas, and that Army Seijas had violated his trust as attorney for John Geranios in his purchase of the Peter Pan Baking Company judgment, and (3) that, if the default judgment were set aside, the petitioners might be able to refinance the residence property. Artie Henderson was granted leave to intervene.

April 29, 1958, the court denied the motion to vacate the default judgment, and entered an order granting the writ of restitution.

John Geranios and wife and Richard Henderson and wife have ap-appealed.

Appellants' first assignment of error relates to the court's refusal to enter certain findings of fact.

In the instant case, the court entered the findings it considered necessary to sustain its conclusions of law. The factual findings the court

enters are only those it determines have been established by the evidence. The rule does not require negative findings, or finding that a certain fact has not been established. The appellants orally requested the court to enter a finding of fact, which it refused to do because the fact had not been proved to the satisfaction of the court. The appellants did not submit proposed findings, nor did they comply with Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953, with reference to the findings which the court did enter. We find no merit in appellants' first assignment.

Appellants next assign error to the court's refusal to vacate the judgment.

It would serve no useful purpose to discuss the conflicting evidence relating to the allegations of fraud and misrepresentation. Our examination of the record convinces us that the alleged fraud was not established by clear, cogent, and convincing evidence, and that the court did not abuse its discretion in refusing to vacate the judgment.

The judgment is affirmed.

---

June 23, 1959. Petition for rehearing denied.