[No. 142-41178-1.    Division One.    March 30, 1970.]
Panel 2

GENERAL INDUSTRIES, INC., *Respondent,* v. WILLIAM A. ERIKSSON *et al., Appellants.*

*William L. Williams,* for appellants.

*David H. Beitz,* for respondent.

PER CURIAM.—The court entered findings of fact, conclusions of law and judgment granting the relief prayed for by respondent building contractor in a suit for money due under a contract with appellants to construct a tavern. The court held appellants failed to meet their burden of proof and dismissed their counterclaim for loss of income due to an alleged failure to complete the building on time and for the cost of correction and completion of certain items alleged to have been within the contract.

As appellant concedes, the issues raised on appeal are with one exception factual. We have reviewed the record and there is substantial evidence and reasonable inferences therefrom, as respondent has pointed out in his brief, to sustain the findings of the trial court. This being so, we cannot disturb the findings of the trial court except as provided by RCW 4.44.060. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). The factual findings the court enters are only those it determines have been established by the evidence. The court is not required to enter negative findings or findings that a certain fact has not been established. *Miller v. Geranios,* 54 Wn.2d 917, 338 P.2d 763 (1959).

At the close of the trial after respondent finished his rebuttal testimony, appellant moved, for the first time, for an accounting on an item for which credits were allowed in the written contract. The court denied this request inasmuch as respondent's principal witness had left the city at the close of the rebuttal testimony. He was not in the city at the time the motion was made and could not have been made available then to refute testimony presented on the issue. The delay in making a request for an accounting was occasioned by the failure of appellants to inform its counsel of the questions involved until the end of the trial.

A motion to amend a pleading after pleadings have closed is addressed to the sound discretion of the trial

court. *Sanwick v. Puget Sound Title Ins. Co.,* 70 Wn.2d 438, 423 P.2d 624 (1967); CR 15(a). There is no abuse of discretion shown here.

The judgment of the trial court is affirmed.