[No. 42393.    En Banc.    February 22, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. FIORE M. BASTINELLI, *Petitioner*, HARDYN B. SOULE, *Judge of the Superior Court for Pierce County, et al., Respondents.*

*Davies, Pearson, Anderson & Gadbow*, by *Erick R. Alden*, for petitioner.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel*, and *Eugene G. Olson, Chief Criminal Deputy*, for respondent.

STAFFORD, J.—Petitioner, Fiore M. Bastinelli, contends that he was acquitted of a criminal charge tried to the court. Petitioner seeks a writ of prohibition to prevent the trial court's subsequent attempt to substitute a verdict of guilty.

Petitioner was charged with grand larceny. The cause was tried to the court. At the conclusion of all evidence, and such argument as respective counsel deemed necessary, the matter was submitted for decision March 23, 1972. The court then analyzed the evidence, the applicable law and orally concluded:

My personal opinion is there has been a fraud here, but it is not proved, and I will have to dismiss the case.

Court was then adjourned.

Page 578 of the clerk's Journal No. 331 reveals that the trial clerk made a "Memorandum Of Journal Entry" which concludes:

Court finds the charge of Grand Larceny not proved. Case dismissed.

The memorandum is followed by a hand-stamped printed name of the trial judge. According to the trial clerk's affidavit, the stamped name does not indicate that the judge has seen or approved the memorandum.

In the formal journal entry of the superior court the actual signature of the trial judge is affixed to the bottom of each page. In the instant case an entry was made on March 23, 1972, which reads in part:

Court finds the charge of Grand Larceny not proved and dismissed the case 2:10 *PM*. Court Recess. It is ordered that this Court stands adjourned . . .

The foregoing remarks were followed by the trial judge's *actual signature*.

On April 11, 1972, nearly 3 weeks after the court had orally dismissed the case and *signed* a formal journal entry indicating the dismissal, the prosecuting attorney moved for reconsideration. Petitioner moved to strike the motion and the court took the matter under consideration. On April 21 the court notified the parties that its observations at trial had been made under a mistake in fact, and that it would reconsider the issue of guilt. The petition for a writ of prohibition followed.

At this juncture it must be noted that the judge's dismissal of the case on March 23 was predicated on his opinion that the state had failed to establish petitioner's guilt beyond a reasonable doubt.

The state argues that a trial judge's oral decision is not a judgment and, thus, he is not precluded from reversing an oral statement of dismissal in a criminal case. The prosecution also states that a written memorandum opinion filed

prior to entry of a formal judgment does not deprive a trial court of the power to change its indicated ruling.

At this time, we are not called upon to decide whether an oral order of dismissal in a criminal case bars a trial court's reconsideration of the issue of guilt. In the instant case the trial court's oral order of dismissal was, on the same date, *reduced to writing* in the formal journal of the superior court. Further, the formal journal entry of dismissal was actually *signed* by the trial judge. Thus, the only issues are whether such an order, reduced to writing and signed by the trial judge, constitutes a finding of "not guilty" on the evidence; and, whether the court is barred from reconsidering the evidence and reversing the signed dismissal by the subsequent entry of findings of fact, conclusions of law and a judgment of "guilty."

■ If it had concluded the state had proven petitioner's guilt beyond a reasonable doubt, the trial court would have been required to enter findings setting forth the facts essential to support the judgment of guilty. RCW 10.46.070; CR 52; *State v. Russell*, 68 Wn.2d 748, 415 P.2d 503 (1966). On the other hand, having concluded that the evidence was insufficient to establish guilt beyond a reasonable doubt, the court was obliged only to render a judgment of acquittal. Findings of fact and conclusions of law to support a negative are unnecessary. *Miller v. Geranios*, 54 Wn.2d 917, 338 P.2d 763 (1959); *General Indus., Inc. v. Eriksson*, 2 Wn. App. 228, 467 P.2d 321 (1970).

■ In a criminal case a finding by the court as the trier of fact, when entered into the record and signed by the trial judge so as to indicate that it is neither made with reservation nor subject to further consideration or proceedings in the same case, will support a judgment of acquittal or dismissal. RCW 4.44.060 provides in part:

> The order of proceedings on a trial by the court shall be the same as provided in trials by jury. The finding of the court upon the facts shall be deemed a verdict
> . . .

*See also* RCW 10.61.060 which reads in part:

When there is a verdict of acquittal the court cannot require the jury to reconsider it.

A final and determinative order of acquittal is reflected in the formal journal entry signed by the trial judge. The trial court's action in ordering the dismissal for failure to prove petitioner's guilt beyond a reasonable doubt together with the signing of a formal journal entry reflecting the same constituted a judgment of acquittal. The case was thus terminated.

The writ will issue precluding further trial of petitioner upon the information. Further action by the trial court, in this case, would place petitioner in double jeopardy in violation of article 1, section 9 of the Washington State Constitution and the fifth amendment to the United States Constitution.

FINLEY, HUNTER, HAMILTON, WRIGHT, and UTTER, JJ., concur.

HALE, C.J. (concurring specially)—The court decides this case on what I think were the secondary issues presented, and in my view, the majority does not pass upon the crucial points presented and argued. Thus, the court's opinion —erroneously, I think—is made to turn upon signed journal entries which, the court holds, showed a dismissal terminating the case beyond revival. But the journal entries or minutes are no more than evidence of judicial action; they do not constitute that action in and of themselves.

As I understand this record, the fundamental issue is whether the entries reflect a final order of dismissal orally made in open court at the conclusion of trial. If they do, the action could not have been thereafter revised, even by amending, withdrawing or canceling the journal entries or court minutes so as to make them conform to what the court would now deem the true record. Because the state was unwilling to concede the finality of either the court's memorandum and journal entries or the oral verdict deliv-

ered in open court by the trial judge, the issue of finality of the oral decision remains ineluctably with us.

I think the statute makes the judge's decision the statutory equivalent of a jury verdict. RCW 4.44.060 declares:

The order of proceedings on a trial by the court shall be the same as provided in trials by jury. The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reason as far as applicable, and a new trial granted.

Elsewhere, RCW 10.61.060 provides that the court cannot require a jury to reconsider its verdict of acquittal. Thus, the question is squarely presented as to whether the journal entries and memoranda thereof reflect a final order entered in open court by the trial judge, or whether, with the court's knowledge and consent, such entries could have been amended or vacated to reflect a different and later judicial action. The question is, therefore, not the degree of finality to be given the signed entries in a superior court journal, which is the basic issue before us, but whether this record shows that the court, sitting without a jury, had made a final finding of not guilty, equivalent to that of a jury verdict of not guilty. To answer that question requires, I think, a further detailed recital of the operative events.

Petitioner had been charged in the Superior Court for Pierce County with grand larceny from an insurance company by means of a fraudulent fire damage claim committed, the information asserted, July 16, 1968. With jury waived, trial commenced March 22, 1972. The state presented its case in chief and rested. Petitioner then moved for a dismissal which the court denied; he then presented his defense in chief and rested. The state introduced evidence in rebuttal and rested. Waiving final argument, the state made no summation whatever of the evidence. Through counsel, petitioner made a final argument, and both state and defense then submitted the cause to the court. After analyzing the evidence and the law applicable to it, the court stated its opinion that the case should be dismissed for want of proof beyond reasonable doubt.

The fundamental question thus presented and argued here is whether the trial court's declaration from the bench constituted a dismissal of the case so as to bar a reconsideration of the evidence later. On the second day of the trial, March 23, 1972, at the conclusion of the evidence when the defense rested, the deputy prosecuting attorney in direct answer to the court's query said that there would be no rebuttal evidence. Then the court stated there would be a short recess "before we go ahead with the arguments." Following recess and final argument—defendant being the only party to give a summation—the court proceeded to render an oral opinion aptly characterizing at the outset the function of a trial judge trying a criminal case without a jury:

> At this point it becomes my duty to weigh the evidence. I must bear in mind the presumption of innocence and the burden of the State to prove beyond a reasonable doubt, which is quite different from preponderance of the evidence.

The court then orally discussed the evidence, assessed its legal effect, and concluded as follows:

> So, where is the misrepresentation other than in the document itself. More importantly, there is no reliance, which is an essential element. If the document itself is thought to be the misrepresentation, there can be no reliance on the text of the document because Mr. Healy prepared it from his own information.
>
> In Scottish Law, there are three forms of verdict: Guilty, innocent, and not proven.
>
> My judgment here is not a verdict of innocent. It will be a verdict of, "not proven."
>
> My personal opinion is there has been a fraud here, but it is not proved, and I will have to dismiss the case.

Court was then adjourned, whereupon the judge, all parties, and counsel left the courtroom.

Then occurred the events which occasioned this writ. April 11, 1972, nearly 3 weeks after the court had rendered its oral decision, the prosecuting attorney served upon petitioner's counsel of record what was denominated as a "Mo-

tion for Reconsideration," and a note of issue placing it on the court's calendar for hearing on April 17. Counsel for petitioner moved to strike the motion for reconsideration and the court took this latter motion under advisement. Four days later, April 21, 1972, the court, by letter, notified the parties that its observations at trial had been made under a mistake in fact, and that it would reconsider the issue of guilt.[1]

---

[1]"I wish to bring to a conclusion the situation which has arisen because of my awkward handling of the above matter.

"The question before me is whether or not the court has the power to reconsider its oral decision of acquittal in a criminal case where, as in this case, the court determines that its original observations were made under a mistake of fact. In this case that mistake was concerning the extent of the independent determination of the condition of the machinery as made by the insurance adjuster. I originally concluded that his testimony was that he had independently determined that the machines were a total loss. An examination of the testimony, as reduced to writing, now reveals that the only independent determination he made was that the cost of replacement would be about $8,000 for each of two machines, and that on all other matters he did, in fact, rely upon the representations of the defendant.

"The defendant asserts that RCW 4.44.060 requires the court to treat findings of fact the same as a jury verdict. With this I agree. The question is whether or not the oral decision is the finding of fact to which the statute makes reference. I believe it is not. A finding of fact to which the court makes reference is that mentioned in RCW 4.44.050 which refers to the written findings of fact which the court is required to make.

"It is recognized in civil practice that though the court delivers an oral opinion at the conclusion of the case, it is not precluded from afterwards entering written findings and judgment in favor of the other party, and that until the decision is made in writing it is under the control of the court, and the court is at liberty to change its mind. *Russell v. Schade Brewing Co.*, 49 Wash. 362.

"The court has further held that even a written memorandum opinion does not preclude the court from changing its mind before the judgment is actually entered. *Fogelquist v. Meyer*, 142 Wash. 478.

"To like effect is *Biehn v. Lyon*, 29 Wn. (2d) 750.

"I see no provision in the law which requires any different rule to be applied in criminal cases tried to the court than that which is applied in civil practice. I am, therefore, of the opinion that I still have the power to reconsider, and I have in fact done so based upon my review of the transcript of the evidence which has actually been furnished me, and which has convinced me that my first opinion was in error."

I agree with and accept the state's contentions that an oral decision is not a judgment (*Grein v. LaPomma,* 47 Wn.2d 40, 286 P.2d 97 (1955); *State v. Goard,* 32 Wn.2d 705, 203 P.2d 355 (1949)), and that a trial judge is free to change his mind until a formal judgment is entered (*Earl v. Geftax,* 43 Wn.2d 529, 262 P.2d 183 (1953)), or, as the case may be, until a formal order is entered. *Lasell v. Beck,* 34 Wn.2d 211, 208 P.2d 139 (1949). And even a written memorandum of opinion filed prior to the entry of a formal judgment or order does not deprive the trial court of the power to change its indicated ruling. *Fogelquist v. Meyer,* 142 Wash. 478, 253 P. 794 (1927).

It is also the law of this state that, although a court's oral opinion or written memorandum of opinion may be considered in interpreting the court's findings of fact and conclusions of law and amounts to an informal expression of opinion when rendered, the oral or written opinions have no final and binding effect unless formally incorporated into the findings, conclusions and judgment. *State v. Wilks,* 70 Wn.2d 626, 424 P.2d 663 (1967). Nor do I dispute the long-established rule that a verdict form purportedly returned into open court as the verdict of the jury is not a verdict until formally received by the judge and ordered filed for record as the verdict of the jury. *Bino v. Veenhuizen,* 141 Wash. 18, 250 P. 450, 49 A.L.R. 1297 (1926); *Haney v. Cheatham,* 8 Wn.2d 310, 111 P.2d 1003 (1941); *State v. Badda,* 68 Wn.2d 50, 411 P.2d 411 (1966).

But neither of these principles resolve the fundamental issue presented by the petitioner here. We are not presently confronted with either a faulty verdict or an incomplete verdict or an oral or written opinion which by its nature may be altered, amended or withdrawn before entry of a final order or judgment, but rather with what appears to be the irreversible judgment of the court made at the close of the evidence and argument under circumstances which engendered a final and determinative ruling upon the ultimate issue, *i.e.,* the guilt or innocence of the accused.

Did the judge's final statement, made as it was at the conclusion of a careful and perceptive analysis of the proof and argument, amount to a finding of not guilty on the evidence presented? It is noteworthy that the court's final observation that the case be dismissed appeared to depend upon the court's view of the evidence and followed logical application of the law to those facts; it was made without indication of inadvertence, mistake or accident in either the analysis or conclusion, or the need for further advisement.

The declaration of the judge that,

> In Scottish Law, there are three forms of verdict: Guilty, innocent, and not proven.
> My judgment here is not a verdict of innocent. It will be a verdict of, "not proven."
> My personal opinion is there has been a fraud here, but it is not proved, and I will have to dismiss the case.

thus indicated that, despite whatever personal views the court might hold, the state had failed to establish the defendant's guilt beyond a reasonable doubt. Made as they were by the trial judge at the conclusion of the evidence and immediately preceding an adjournment without reservation or advisement or continuance, the court's declaration, in my opinion, constituted an affirmative finding by the judge as the trier of the facts that the evidence had not proven the accused guilty. At that juncture, it was as though a jury had returned its good and sufficient verdict of not guilty.

Had the court concluded that the state had proven the defendant's guilt beyond a reasonable doubt, then the court would have been required to enter findings of fact, setting forth specifically those facts essential to support the judgment of guilty. RCW 10.46.070; CR 52; *State v. Russell*, 68 Wn.2d 748, 415 P.2d 503 (1966). But where the evidence is insufficient to establish beyond a reasonable doubt the guilt of the accused as to the crime of which he stands charged, then the court is obliged to render a judgment of acquittal, and no findings of fact and conclusions of law to support a negative are necessary. *Miller v. Geranios*, 54 Wn.2d 917,

338 P.2d 763 (1959); *General Indus., Inc. v. Eriksson,* 2 Wn. App. 228, 467 P.2d 321 (1970). A finding by the court as the trier of fact, without a jury, when read conclusively into the record in such a manner as to indicate that it is neither tentative nor made with reservation or advisement nor subject to further consideration or proceedings in the same case, will support a judgment of acquittal or dismissal. The record, I think, reflects the final and determinative order of acquittal, delivered orally into open court. In ordering the dismissal for failure to find that the evidence proved the accused's guilt beyond a reasonable doubt, the case, I think, was terminated. My views as to the disposition of this case are supported in the record, but I refer to this for clarity only and not as the determinative factor, for the court's summary and oral decision, I think, constituted an acquittal. In a court record entitled "Memorandum of Journal Entry," in the handwriting of the trial clerk bearing date March 23, 1972, above the stamped, printed name of the trial judge is a notation signed by the deputy clerk of court: "Court finds the charge of Grand Larceny not proved. Case dismissed." At the bottom of the page, there was a notation that this entry had been entered in journal No. 331, page 578. Then, at the end of what I presume to be the formal journal of the superior court, bearing the actual signature of the trial judge at the bottom of each page, is the entry, "Court finds the charge of Grand Larceny not proved and dismissed the case 2:10 *pm* Court Recess. It is ordered that this court stands adjourned." These remarks in the journal were followed by the trial judge's signature.

The memorandum of journal entry, keyed as it is by reference to the court's journal, and the entries in the actual superior court journal, are unquestionably important. These notations, particularly those entered upon the journal and signed by the judge presiding, represent vital records of a constitutional court and import an extremely high degree of verity to what is set forth. But I would repeat that they are only evidence of the court's actions and not of themselves the acts of the court.

In my view, therefore, the court's decision, rendered in open court without reservation or indication that it was tentative or subject to further advisement or consideration, constituted a judgment of acquittal. I concur in the issuance of the writ.

ROSELLINI, J., concurs with HALE, C.J.