## William Wyckoff v. Francis W. Carr.

Where an assignment for the benefit of creditors is attacked as fraudulent, it is
    competent for the creditors attacking it to prove the declarations of the assig-
    nor, made after the assignment was signed and delivered, but before the sche-
    dules were made out and attached, and while the assignor was engaged in pre-
    paring them.

The cases of *Oliver v. Eaton*, 7 Mich. 108, and *Bagg v. Jerome*, 7 Mich. 145,
    approved.

*Heard January 7th.  Decided January 9th.*

Error to Jackson Circuit.

Carr sued Wyckoff in the court below, in trover, for a
stock of goods which Wychoff, as sheriff of Jackson county,
had taken on attachments as the property of one Pool.
Carr claimed the goods by virtue of a general assignment
made to him by Pool for the benefit of creditors.

On the trial, after plaintiff had rested his case, defendant
called Eugene Pringle as a witness, who testified that at
the time of the assignment he had in his hands demands
against Pool, and on the next Monday after the date of the
assignment he called on Pool, at the store where the goods
were, and Pool there made a statement to him relative to
the schedule to the assignment.  Defendant's counsel then
asked the witness what this statement was.  Plaintiff's coun-
sel objected to the question, and the court sustained the
objection.  The witness further stated that he asked Pool
to let him see the schedule of property, and that he after-
wards asked him if the schedule was made out.  Defendant's
counsel then asked the witness what Pool said in answer
to this inquiry.  Plaintiff's counsel objected to the question,
and the court sustained the objection.

The witness further testified that Carr afterwards told
him the schedule was not yet made out, but that three or
four weeks later he informed him it was then completed.

From Pool's testimony, who had been previously called
as a witness for plaintiff, it appeared that the schedule was
made out on the next Tuesday after the date of the assign-

ment. At the time of the interview with Pringle, he was acting as clerk for Carr in selling the goods. The assignment was delivered to Carr on the day of its date.

There was evidence in the case that a short time before the assignment, Pool had bought out one who had been a partner with him in business; and defendant's counsel asked the court to charge the jury that if they should find, from the testimony, that Pool, in contemplation of making an assignment, purchased his partner's interest and dissolved the partnership, then such purchase and dissolution were conclusive evidence of fraud in law, and would render the assignment fraudulent in law. The court refused so to .charge, but did charge that the purchase by Pool of his partner's interest, if made in contemplation of assignment, was a matter for their consideration from which to determine whether there was or was not actual fraud in making the assignment. The court further charged that the annexing of a schedule of the property assigned was not absolutely essential to the validity of the deed, and that in the absence of fraud the deed would convey the property without a schedule; but that it was proper for the jury to consider the time, manner and other circumstances of making and attaching the schedule, for the purpose of determining whether the assignment was made with fraudulent intent or not. The jury rendered a verdict for plaintiff.

The errors assigned in this court were, 1st and 2d, that the court erred in sustaining the objections to the questions asked Pringle; and 3d and 4th, that the court erred in its charge to the jury as above given.

*Johnson & Higby*, for plaintiff in error :

Pool, at the time of the interview with Pringle, was in possession of the property, either as agent of the assignee or in the duty of completing the assignment by making out the schedule of the property. In either case his declara-

tions were admissible. If engaged in completing the assign-
ment, his declarations would be those of a principal, and
admissible as such.

*Blair & Gibson*, for defendant in error:

The declarations of the former owner of personal pro-
perty can not be given in evidence to affect the title of
the succeeding owner, where such declarations are made
after he has parted with his interest. — 1 *Greenl. Ev.* §192
*and note* 2; 12 *Wend.* 164; 7 *Cow.* 752; 8 *Wend.* 490;
1 *Comst.* 519. The statement of Pool, called for, was not
admissible as part of the *res gestæ.* He was not in pos-
session, but acting as a mere clerk. The offer of testimony
was an attempt to destroy a contract by a conversation
between others, and not to show possession, or the charac-
ter of that possession. The declarations of a person in
possession of property, and not a party to the suit, are
only admitted on the principle that they are cotemporaneous
with and explanatory of some act which is admissible, and
therefore part of the *res gestæ.* — 2 *Mich.* 390; 1 *Gray,*
551; 14 *N. H.* 101; 2 *Shep.* 32; 3 *Kern.* 582; 24 *Pick.* 242.

MARTIN CH. J.:

We think the Circuit Judge erred in sustaining the objec-
tions made to the questions propounded to Pringle, as to
the statements of Pool to him, touching the schedule. Al-
though the assignment may then have been so far completed
as to render it a valid conveyance of Pool's property, in
the absence of fraud, (which is a question not submit-
ted to us) yet these statements, whatever they were, appear
to have been made before the schedule was made out and
attached, and while Pool was making it. He still had the
ostensible custody of the property, but whether under Carr's
employment, or in his own right, was a question to be deter-
mined on the trial. The transaction was claimed to be frau-
dulent, and the defendant below was attempting to prove

it to be such. Pringle represented some of the creditors of Pool, and interrogated him respecting the schedule. Situated as Pool was in relation to the assignment, the property and the assignee, and the object of the inquiry being to ascertain the real nature of the transaction, his answers were competent evidence, and should have been admitted. They would not be the statements of an indifferent party, nor would the evidence be hearsay; but the statements of an actor pending the transaction, made before its full completion. In cases where fraud is the subject of investigation, the statements of the parties charged with it are, and must of necessity be, permissible in evidence if made before the instrument charged to be fraudulent is completed, or while it is being made. Otherwise in the great majority of cases fraud as a fact could never be shown. It would not only be an unsafe but an unjust rule, which should confine a party attacking an instrument upon such ground, to the testimony of the party charged with the fraud. It is claimed that these statements, so long as the assignment had been made, were not a part of the *res gestæ*, and consequently the evidence of Pringle would be hearsay—Pool being the only competent witness, by whom to prove the facts sought to be established. As an actor, his statements may be proven by any one who heard them, as well as by himself, even although his statements were not strictly *res gestæ*, not being facts in the transaction, nor made by him while in the act of making the schedule, although made during the period which elapsed between its commencement and completion. Much difficulty exists at times in determining what declarations are *res gestæ*, but there is none in holding that the declarations of a party in interest, although at the time he is taking measures to divest himself of his interest, or that those of an actor, before the transaction is completed, are admissible evidence, on the ground of such interest, or relation to the transaction.

For this error, we think the judgment should be reversed, and a new trial granted.

The third and fourth assignments of error are determined by the cases of *Oliver v. Eaton*, and *Bagg v. Jerome*, in 7th Michigan Reports.

The other Justices concurred.

*Judgment reversed.*