### DAVID ELLIOTT & others *vs.* LEONARD STODDARD.

On a trial of the title to goods alleged to have been sold with intent to defraud creditors, the burden of proving the fraud is upon the party alleging it.

To impeach the title of a person to whom goods have been sold and delivered, evidence is inadmissible of a previous executory contract of the vendor to sell them to another, and of the election of such other, subsequent to said sale and delivery, to buy them in pursuance of such contract.

On trial of the title of a purchaser of goods, evidence is admissible of such declarations of the parties to the sale as accompanied the same and were part of the *res gestæ*.

TORT for conversion of certain machinery. In the superior court a verdict was found for the plaintiffs; and the defendant alleged exceptions. The case is stated in the opinion.

*B. Dean,* for the defendant.

*T. L. Wakefield,* for the plaintiffs.

CHAPMAN, J. Both parties claim title to the machinery in controversy under Enoch Wait. On the 10th of October, 1864, he made a bill of sale of it to the plaintiffs and gave them possession. It was then in a factory which belonged to Willard Hayden & Co., and the plaintiffs did not remove it till the following December.

The defendant is a deputy sheriff, and subsequently attached the machinery as the property of Wait on a writ in favor of Hayden & Co. against him. His answer avers this fact; denies

the plaintiffs' title, and says the sale to them was colorable and was made to defraud the creditors of Wait; also that Wait was under a contract to sell and convey the whole or a part of the machinery to Hayden & Co., and that the sale to the plaintiffs was intended to prevent the fulfilment of this contract, and was fraudulent as to Hayden & Co.

The ruling of the superior court that the burden was not on the plaintiffs to prove that the sale to them was not made to hinder, delay or defraud Wait's creditors was in conformity with an elementary rule of evidence too well settled to be called in question. No authority is cited to sustain the defendant's exception to the ruling. The instructions given to the jury as to the evidence on that point were sufficiently favorable to the defendant.

The evidence offered to prove a contract between Wait and Hayden & Co. on August 25, 1864, for the sale of the machinery, was properly excluded, for it was not stated that Hayden & Co. had actually purchased and paid for the machinery, nor was it contended at the argument that the offer was to be so construed. The contract was therefore executory, and no legal title to the machinery passed by virtue of it to Hayden & Co. As against such a contract the legal title would pass to the plaintiffs by the sale and delivery to them; and the contract, and the election of Hayden & Co. on the 22d of November to purchase the property in compliance with its terms, and the notice of their election to Wait, and any subsequent arrangement with him short of a sale and delivery, would not authorize them to contest the title of the plaintiffs in this action.

The ruling was also correct that the plaintiffs, in proving the sale of Wait to them, might offer in evidence such declarations of the parties as accompanied the acts, and formed part of the *res gestæ.* What particular declarations were offered does not appear. No question is made except as to the general principle, and it is too well established to admit of doubt.

*Exceptions overruled.*