# BERGMAN & BERRY *v.* TWILIGHT.

EVIDENCE.—Where the question before the jury was the good faith of a sale of goods, whatever was said and done by the parties to that transaction, cotemporary with it, and which tend to explain or elucidate its character, are parts of that transaction, and as such are admisible in evidence and may be proven·by either party at the trial.

APPEAL from Clatsop County. The facts are stated in the opinion.

By the Court, LORD, J.:

This is an action for the wrongful taking and conversion by the defendant of certain personal property of the plaintiffs. The defendant admits the taking, denies the ownership of plaintiffs, and justifies under an execution issued, &c., in favor of *E. J. Ingalls* v. *E. S. Cottrell*, and further alleges, in substance, that the said property was the property of Cottrell, and not the property of plaintiffs, and that the same was taken and sold under execution against the said Cottrell. The reply of plaintiffs denies all allegations in the defendant's answer, and sets up a title to said property derived by a bill of sale from Cottrell, anterior to the issuance of execution in the case of *Ingalls* v. *Cottrell*, under which defendant justified. It appears by the bill of exceptions that one Delvin, a witness for the plaintiffs, was pres· ent at the sale and delivery of said goods, and testified that the sale and delivery was made to the plaintiffs about the first day of June, 1878, but that the said Cottrell remained in possession of the goods as steward of the plaintiffs. As part of the *res gesta*, the plaintiffs offered in evidence the declarations of said Cottrell—the judgment debtor of the plaintiff in the writ of execution, and vendor of the plaintiffs herein—made at the time of the alleged sale and delivery of the goods claimed by plaintiffs, which, upon ob-

jection, the court sustained, and to which ruling exception was. taken. The plaintiffs then introduced the said E. S. Cottrell as a witness, and among other things, asked him what conversation passed between him and said plaintiffs, or either of them, concerning the said sale and delivery at the time of said delivery. Upon objection, the court refused to allow the witness to state the said conversation, to which ruling an exception was also taken.

The exclusion of the testimony of these witnesses is the only material assignment of error. If the evidence was competent, it was upon the ground offered, as forming a part of the *res gesta*. The fact that the vendor remained in possession of the property after the sale, was a circumstance of fraud, and to repel the conclusion arising from this fact, the evidence excluded by the court was offered. What was the main issue to be tried? Undoubtedly the good faith of the sale by Cottrell to the plaintiffs. The *bona fides* of that transaction is the principal fact—the *res gestœ*—and all that was said and done by the parties to that transaction, cotemporary with it, and which tends to illustrate, explain or elucidate its character, are parts of that transaction, and as such are admissible in evidence, and may be proved by either party at the trial. Probably as accurate a statement of the law as may be found on this subject is in *Lund and wife* v. *Inhabitants of Tyngsboro*, 9 Cush., 36, in which Mr. Justice Fletcher, in delivering the opinion of the court, said: "But when the act of a party may be given in evidence, his declarations made at the time, and calculated to elucidate and explain the character and quality of the act, and so connected with it as to constitute one transaction, and so as to derive credit from the act itself, are admissible in evidence. The credit which the act or fact gives to the accompanying declarations, as a part of the

transaction, and the tendency of the cotemporary declarations as a part of the transaction, to explain the particular fact, distinguish this class of declarations from mere hearsay. Such a declaration derives credit and importance, as forming part of the transaction itself, and is included in the surrounding circumstances, which may always be given in evidence to the jury with the principal fact. There must be a main or principal fact or transaction, and only such declarations are admissible as grow out of the principal transaction, illustrate its character, and are cotemporary with it and derive some degree of credit from it." So in *Banfield* v. *Parker*, 36 N. H., 357, which involved the application of this principle to a subject quite analogous to that now under consideration, the court say: "The principal issue to be tried was the good faith of the sale by Avery to Banfield, and whatever was said by the parties contemporaneous with the sale, and having a tendency to elucidate, or give character to it, and which would derive credit from it, was admissible." Indeed, the principle seems to be elementary, that the declarations and acts of the debtor made before the transfer and contemporaneous with it, are admissible. (Bump on Fraudulent Conveyances, 562, and authorities cited in the note.) They are admissible in evidence in favor of the grantee, (*Eliott, et al.* v. *Stoddard*, 98 Mass., 145,) as well as of creditors, and the acts and declarations of the grantee which accompany the transfer stand on the same footing as those of the debtor. (*Boyden* v. *Moore*, 11 Pick., 363.)

Mr. Greenleaf says: "In regard to the competency of witnesses for or against the sheriff, it may be further observed where the issue is upon a fraudulent conveyance by the judgment debtor, his declarations made at the time of the conveyance are admissible as part of the *res gesta*, and

when the question is wholly between his own vendee and the attaching creditor, his interests being balanced, he is a competent witness for either party." (2 Greenleaf's Ev., sec. 598; 1 Wharton on Law of Ev., secs. 568 to 264, and 2 id., sec. 1102.) What was said by Cottrell and the plaintiffs at the time of the sale and delivery, and connected with it, tended to show the character of the sale. It was contemporaneous with the main fact—the good faith of the sale—and tended to explain the nature of that transaction. Declarations explanatory of an act done are always admissible as part of the *res gesta*. (*Howe* v. *Bunmage*, 1 N. Y. S. C. R., Thomp. & Cooke, 430.) Such evidence when admitted is to be taken in connection with the other evidence, and as to its effect, the jury are to give to it such credence as it may appear to deserve under the usual rules of law. The exclusion of the evidence in question being error, the judgment must be reversed and a new trial ordered.