## McKinnon & Van Meter v. Reliance Lumber Co

### (Case No. 1907.)

1. TRIAL OF RIGHT OF PROPERTY — TENDER OF ISSUE.— In a suit for the trial of the right of property subject to attachment, if the attaching creditor sets up the fact that the property levied on was the property of his attached debtor, who was insolvent and who had no other property subject to levy, and that he had fraudulently transferred the same to claimants, this is a sufficient tender of issue under Revised Statutes, arts. 4833, 4834.

2. EVIDENCE — FRAUD.— The acts and declarations of an insolvent debtor, made before his transfer of the property to the parties claiming it, though not in their presence, are admissible to show that the purpose of the sale was to defraud his creditors. Citing Elliott v. Stoddard, 98 Mass., 145.

3. SAME — FRAUDULENT SALE.— The acts and declarations of an insolvent debtor evincing his purpose to defraud his creditors, if brought to the notice, actual or constructive, of creditors purchasing the property subsequently levied on by another attaching creditor, and before the sale was made, will vitiate the sale.

4. VERDICT — JUDGMENT.— Although two verdicts were found by the jury, that only will be considered as the proper verdict upon which the judgment is based; nor is it necessary that the verdict be incorporated in the judgment with or without the signature of the foreman of the jury attached thereto.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

On the 26th of March, 1883, the appellants McKinnon & Van Meter, who were defendants below, filed their affidavit and claim bond to try the right to certain lumber, shingles, doors, sash, etc., levied on by the appellees, the Reliance Lumber Co., under a writ of attachment issued in cause No. 5940, wherein the Lumber Company were plaintiffs and one E. J. Ingleheart was defendant. The appellants claimed the property under a transfer from Ingleheart. The appellees insisted that the transfer was made in fraud of the creditors of Ingleheart.

The cause was tried by a jury and resulted in a verdict for the Lumber Company.

*Breedlove & Ewing,* for appellants, cited: R. S., 1329, 1330, 4834, 4837.

*Sayles & Bassett,* for appellee, cited: Randall v. Carlisle, 59 Tex., 69; R. S., 1334.

WILLIE, CHIEF JUSTICE.— The errors assigned and relied upon by the appellants present no point upon which the judgment below can be reversed.

The issues tendered by the plaintiffs below were in sufficient accordance with the provisions of our Revised Statutes.   Arts. 4833, 4834.

These issues averred the insolvency of Ingleheart, and his indebtedness to other parties besides the appellants, and the proof to which exception is taken in the second assignment of error was pertinent to prove these facts.

It was also competent to show by the acts and declarations of Ingleheart, made before his transfer to appellants, that the purpose of this transfer was to defraud his creditors.   Elliott v. Stoddard, 98 Mass., 145; McLane v. Johnson, 43 Vt., 48; Wyckoff v. Carr, 8 Mich., 44.

This would not, of course, affect the vendees unless they were chargeable with notice of the fraud, but it was not necessary that they should be present when the fraudulent design was formed or expressed by the vendee in order to bring such notice home to them. If brought to their knowledge either actually or constructively before their purchase, it was sufficient to vitiate the sale.

The charges of the court objected to were all in strict accordance with the general principles of the law governing the case.   The evidence was amply sufficient to show a fraudulent intent on the part of Ingleheart, and a knowledge and participation in the fraud by McKinnon & Van Meter.   They knew that Ingleheart could not pay their own debt, and had every reason to know that the remainder of his indebtedness was large, and that it was beyond his power to pay it.   One of the appellants (who were partners) was informed by Ingleheart himself that the latter was on the verge of having his property seized by creditors.   This partner delayed another creditor in enforcing his claim by leading him to believe that a general assignment would be made by Ingleheart for the benefit of all his creditors, and in the mean time took for the sole benefit of his firm the transfer in question in this cause.   The consideration of this transfer was the previous indebtedness to the firm and three negotiable promissory notes payable at different dates in the future to the order of Ingleheart, executed by the vendees.   Such a transaction placed the property of Ingleheart beyond the reach of his other creditors for the benefit of the appellants and of the failing debtor himself.   Fraud on the part of Ingleheart and participation in it by McKinnon & Van Meter could not have been proved by more satisfactory evidence.

Although two verdicts were found, the one incorporated in the judgment is the one approved by the court.

There is no requirement that the verdict should be thus incorporated, much less that, if this is done, the signature of the foreman shall also be copied into the judgment.

The other questions raised by the assignments of error are not of sufficient importance to claim our attention.

There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered January 13, 1885.]