David G. McCARTY, Appellant,

v.

James A. MORRISON, Appellee.

No. 4947.

Court of Civil Appeals of Texas, Waco.

Nov. 25, 1970.

Rehearing Denied Dec. 17, 1970.

Shwiff & Woodman, Walter J. Woodman, Dallas, for appellant.

Strasburger, Price, Kelton, Martin & Unis, Boyd Waggoner, R. H. Brin, Jr., Dallas, for appellee.

OPINION

HALL, Justice.

The appellate record in this case does not contain a statement of facts. From the transcript and briefs we glean the following undisputed events leading to this appeal.

This is an action for personal injury and property damages resulting from an intersectional collision of automobiles being driven by plaintiff and defendant. The case was submitted to a jury on questions of alleged negligent conduct of both par-

ties, and damages. After deliberation, the jury returned into court with a complete verdict. In it, the only negligence found as to either party was in response to special issues Nos. 23 through 28. The jury found that (23) plaintiff failed to yield the right-of-way to defendant, (24) which was negligence and (25) a proximate cause; and that (26) defendant failed to yield the right-of-way to plaintiff, (27) which was negligence and (28) a proximate cause. Over defendant's objection, the trial court instructed the jury in writing that "there is a conflict between your answer to Special Issue No. 23 and your answer to Special Issue No. 26. You will please renew your deliberations and resolve this conflict. If your answer to Special Issue No. 23 is changed, it will, of course, necessitate that you do not answer Special Issues 24 and 25. If your answer to Special Issue No. 26 is changed, it will, of course, necessitate that you do not answer Special Issues 27 and ·28."

After further deliberation, the jury returned into court with its second verdict. All answers made in the original verdict remained the same, except that the answers to issues 23 through 25 were changed by the jury and, in effect, absolved plaintiff of failure to yield the right-of-way.

Subsequently, defendant filed a motion for judgment "based on the jury's original verdict," asserting that there was no irreconcilable conflict in it. Plaintiff filed a motion for judgment on the second verdict, contending it and a stipulation of record as to property damages entitled him to a judgment in the sum of $842.05. After hearing, the court overruled plaintiff's motion, granted defendant's motion, and rendered judgment that plaintiff "take nothing." The judgment recites that it appeared to the court "that no conflict existed in the original jury verdict, and that the jury should not have been advised to resolve the conflict;" and that it further appeared to the court "that in response to the original verdict of the jury the defendant

is entitled to judgment that the plaintiff take nothing * * *."

Plaintiff asserts that the trial court erroneously rendered judgment on the first verdict because (1) the second verdict rendered the first one "null and void;" and (2) "the first verdict contained an irreconcilable conflict and both plaintiff and defendant cannot be found to have failed to yield the right-of-way;" and (3) "the second verdict was the final verdict of the jury and clearly did not contain any irreconcilable conflicts." Defendant contends that (1) in the absence of a statement of facts, plaintiff has made no showing of probable harm and defendant is therefore entitled to the judgment rendered; and that (2) the trial court did not err in rendering judgment on the first verdict because "it was a proper verdict with no fatal or irreconcilable conflict."

■ The trial court incorporated the first verdict in its judgment and adopted it as the basis for the order. When two verdicts are found by the jury, the one upon which the court bases its judgment is the only proper verdict in the case. See McKinnon & Van Meter v. Reliance Lumber Co., 63 Tex. 30, 31 (1885).

■ If the original verdict contained conflicting findings, it was the duty of the trial court to "call the jury's attention thereto in writing and send them back for further deliberation". Rule 295, Texas Rules of Civil Procedure; Traders and General Ins. Co. v. Carlile, 138 Tex. 523, 161 S.W.2d 484, 486 (1942); Pon Lip Chew v. Gilliland (Tex.Sup., 1965), 398 S. W.2d 98, 101, 102–103. However, there is no conflict if the findings can be reconciled; and it is the duty of the courts to reconcile apparent conflicts if that can reasonably be done. Texas and Pacific Railway Company v. Snider, 159 Tex. 380, 321 S.W.2d 280, 282 (1959). A proper resolution of an apparent conflict may require a consideration of the evidence. See, for example, Traywick v. Goodrich (Tex.Sup., 1963), 364 S.W.2d 190, 191.

In connection with *both* right-of-way issues in question, the court charged the jury that "you are instructed that the driver of a vehicle shall stop in obedience to a stop sign and shall proceed cautiously, yielding to vehicles not so obliged to stop, which are within the intersection or approaching so closely as to constitute an immediate hazard, but said driver having so yielded may proceed, and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the roadway."

A right-of-way is not absolute but is relative; and if a driver who is under a duty to yield the right-of-way to another fails to do so, the exercise of ordinary care may require the other to yield. McWilliams v. Muse, 157 Tex. 109, 300 S.W. 2d 643, 645.

If an assumption is made that the findings in question are in apparent conflict, it cannot be said that they are patently irreconcilable. This is especially so in the light of the court's instruction. Both parties pleaded "right-of-way" in a most general fashion, and there is nothing in the transcript to indicate the number or location of any stop signs. Presumably there is a reasonable factual theory under which the court concluded that "no conflict existed." For illustration, it might be that the evidence shows that at different moments immediately preceding the collision, both plaintiff and defendant were under a duty, and failed, to yield the right-of-way to the other.

In the absence of a complete or an agreed statement of facts we must presume that, under the evidence, the trial court reconciled the alleged conflict, and that its ruling was correct. See First National Life Insurance Co. v. Herring (Tex.Civ. App., 1958, no writ hist.) 318 S.W.2d 119, 122, and the many cases there cited.

The judgment is affirmed.