David G. McCARTY, Petitioner,

v.

James A. MORRISON, Respondent.

No. B–2515.

Supreme Court of Texas.

June 2, 1971.

Rehearing Denied July 7, 1971.

Shwiff & Woodman, Walter J. Woodman, Dallas, for petitioner.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, for respondent.

CALVERT, Chief Justice.

In this suit by David G. McCarty against James A. Morrison to recover personal injury and property damages sustained in an intersectional collision of automobiles driven by the parties, the jury returned a verdict in which it found that each of the parties failed to yield the right of way to the other and that such failures constituted negligence and proximate causes of the collision. When the judge examined the verdict, he concluded that the findings that each of the parties failed to yield the right of way were conflicting, and he directed the jury to renew its deliberations and resolve the conflict. The jury obeyed; it returned a new verdict in which it found that the plaintiff did not fail to yield the right of way but that the defendant did, and that the defendant's failure was negligence and a proximate cause. The second verdict was received by the judge and was filed.

After the second verdict had been received and filed, both parties moved for judgment. The defendant moved for judgment on the first verdict and the plaintiff moved for judgment on the second. The trial court, with a different judge then presiding, granted the defendant's motion and rendered judgment that plaintiff take nothing. The court of civil appeals affirmed. 461 S.W.2d 180. We reverse the judgments of the courts below and remand the cause to the trial court.

■ We sustain plaintiff-petitioner's first point of error which asserts, in effect, that the courts below have erred in rendering and affirming judgment on the first verdict inasmuch as that verdict had been set aside by the jury and the second verdict was the only legal verdict in the case.

Plaintiff's contention finds support in a number of cases from other jurisdictions and in the only Texas case in which the question appears to have been considered. See Grant v. State, 33 Fla. 291, 14 So. 757, 23 L.R.A. 723 (1894); George v. Belk, 101 Tenn. 625, 49 S.W. 748 (1899); Bino v. Veenhuizen, 141 Wash. 18, 250 P. 450, 49 A.L.R. 1297 (1926); Nobles v. Crockett, 319 P.2d 1007 (Okl.1957); Wohlfield v. Morris, 122 So.2d 235 (Fla.App.1960); Robertson Tank Lines, Inc. v. Sawyer, 416 S.W.2d 886 (Tex.Civ.App.—Corpus Christi 1967, ref. n. r. e.).

In Grant v. State, a murder case, the jury returned a verdict reading, "We, the jury, find the said defendant guilty of manslaughter in the first degree." The judge refused to accept the verdict on the ground that there were no degrees of manslaughter and directed the jury to reconsider its verdict. After doing so, the jury returned a verdict as follows: "We, the jury, find the defendant guilty of murder in the first degree and recommend him to the mercy of the court." The judge received the verdict and thereafter sentenced the defendant to life imprisonment. Error was assigned on appeal to the trial judge's refusal to accept the first verdict and his acceptance and recording of the second. We quote at some length from the opinion of the Supreme Court of Florida because the rationale for the court's rejection of the defendant's contention is altogether appropriate and controlling here:

"The judge refused to receive the verdict when given by the jury, and they were instructed to retire and present a verdict in proper form. Thereupon they retired, and brought in another and different verdict. The first verdict was never recorded, nor does it appear from the record before us that it had ever been affirmed as the unanimous finding of the jury. The jury having retired and brought in a different verdict, which was recorded, it cannot be held that the first is the verdict of the jury, or that it has any validity whatever. The case

was still in the hands of the jury upon their second retirement, and, not being bound by their former action, they were at liberty to review the case, and bring in an entirely new verdict. Whether the action of the court in refusing to have the first verdict recorded in the proper way was an unauthorized interference with the province of the jury is another question, which will presently be considered, but, confining ourselves to the effect of the first finding, as given by the jury, it cannot be affirmed on this record that it is of any validity whatever." 14 So. at 759.

The other cases cited from other state jurisdictions reach similar results by the same reasoning.

Robertson Tank Lines, Inc. v. Sawyer, *supra,* is squarely in point. In that case suit grew out of an *automobile-truck* collision. The jury returned a verdict into court which the judge declined to receive because he believed some of the jury findings to be conflicting. The judge advised the jury that in his opinion its answers to certain of the issues were conflicting and that it should deliberate further and resolve the conflict. The jury then brought in a second or revised verdict in which no act of the defendant was found to be a proximate cause of the collision. The defendant moved for judgment on the second verdict and the plaintiff moved for judgment on the first verdict notwithstanding the second verdict. Having concluded on *reconsideration* of the matter that the jury's first verdict was not conflicting, the trial court overruled defendant's motion and granted plaintiff's motion. The court of civil appeals reversed upon a holding that the first verdict could not be used as a basis for a judgment. The court said:

"There can be only one final verdict in a trial, and in our judgment the final verdict in this case was the one which was received and accepted by the trial court, and ordered filed by him." 416 S.W.2d at 889.

The decision of the court of civil appeals in this case is contrary to the decisions cited above. In reaching its decision the court in this case relied primarily on the McKinnon v. Reliance L. Co., 63 Tex. 30 (1885), in which the court made the statement that "[a]lthough two verdicts were found, the one incorporated in the judgment is the one approved by the court." The statement was unrelated to the type of problem before us in this case. The record in *McKinnon* on file in this court discloses that in a general charge submission, the jury returned a single verdict containing two findings as follows:

"We the jury find for the plaintiff.

"We the jury find for the plaintiff and that the property is subject to the writ of attachment."

While the court's judgment quoted the second finding, there is nothing in the record to indicate the nature of the objection thereto or that inclusion of the first finding would have required a different judgment. We do not regard the decision as controlling or relevant.

■ We are not impressed with defendant's argument that plaintiff is not entitled to a reversal since he appealed on a transcript only and, therefore, has not discharged his burden of showing that he was harmed by the rendition of judgment for the defendant. We are satisfied that the failure of the trial court to render judgment for the plaintiff on the only legal verdict of the jury, absent a motion non obstante veredicto by the defendant based upon the absence of evidence to support the vital findings, or the granting of a new trial pursuant to Rule 300, is harmful per se. That action, in the words of Rules 434 and 503, Texas Rules of Civil Procedure, "was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case * * *."

■ The judgments of the courts below must be reversed. Our next problem concerns the disposition to be made of the

cause. Rule 505, Texas Rules of Civil Procedure, provides that upon reversal of a Court of Civil Appeals' judgment, this Court shall "render such judgment as the Court of Civil Appeals should have rendered, or * * * remand the case to the lower court, if it shall appear that the justice of the case demands another trial * * *." Under the mandate of this rule, it is our duty to render judgment on the second verdict awarding the plaintiff a recovery of the stipulated damages and those found by the jury, unless we believe that the justice of the case demands another trial. Whatever may have been the legal effect of the first verdict on the rights of the parties, if it had been received, it is unquestioned that the second clear verdict in favor of the plaintiff was to some extent a product of compulsion by the trial judge. Whether the first verdict, if received, would have resulted in a judgment for the defendant or in a mistrial, a matter we need not decide, we conclude that the justice of the case demands another trial.

The judgments of the courts below are reversed and the cause is remanded to the trial court.