AMERICAN RECREATIONAL MAR-
KETS GENERAL AGENCY,
INC., Appellant,

v.

Roswald HAWKINS d/b/a Hawkins
Insurance Agency, Appellee.

No. B14–92–00287–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 7, 1993.
Rehearing Denied Feb. 18, 1993.

Scott G. Ball, Arlington, for appellant.

Howard D. Walker, Houston, for appel-
lee.

Before MURPHY and CANNON, JJ.,
and ROBERT E. MORSE, Jr., J. (Sitting by
Designation).

OPINION

MORSE, Justice.

This appeal comes from a judgment
awarding appellee $39,250.00 plus $3,000
pre-judgment interest and $7,000 as attor-
ney's fees. In a single point of error appel-

lant contends the trial court erred at directing the jury to reconsider its original answers to special questions and in denying its motion for judgment non obstante veredicto. We sustain appellant's sole point of error.

This law suit was originally filed on March 7, 1988, by Landmark Chevrolet Corporation (Landmark) against both appellant and appellee. The basis for the claim concerned the existence of insurance coverage on a certain automobile leased by Landmark to a non-party. Landmark claimed the automobile was represented to have been covered at the time of loss and pled breach of contract and violation of the Deceptive Trade Practices–Consumer Protection Act. On August 20, 1988, defendant/appellee Hawkins, filed a cross-claim against defendant/appellant American Recreational Markets General Agency, Inc. (ARM). ARM operated as a broker under contract for the ultimate insurance company, coverage by which was intended to be provided for the vehicle. In October, 1988, Lomorris Forniss filed a petition to intervene. In November, 1988, an agreement was arrived at among the parties settling the claim of Landmark. An order was entered dismissing Landmark from the suit with prejudice. On June 28, 1991, ARM filed a cross-claim against Hawkins. Trial commenced on August 7, 1991. Prior to the jury's verdict, the intervention claim of Lomorris Forniss was settled, leaving only Hawkins and ARM before the court.

At the close of the trial, the court submitted the case to the jury upon twenty-nine special questions. After its initial deliberation, ten of the non-unanimous jury presented its answers to the special questions. The questions and jury answers relevant to this appeal were as follows:

QUESTION 1: Do you find that ARM breached its contract with Roswald Hawkins?

ANSWER: Yes.

QUESTION 2: Answer this question only if you have answered Question No. 1 "yes". Otherwise, do not answer this question.

What sum of money, if any, would fairly and reasonably compensate Roswald Hawkins for his losses, if any, caused by ARM's breach of contract?

Answer in dollars and cents.

ANSWER: $3,000.00.

QUESTION 3: Do you find that ARM knowingly made false representations ... that were relied upon by Roswald Hawkins?

\*       \*       \*

ANSWER: Yes.

QUESTION 4: Answer this question only if you have answered Question No. 3 "yes". Otherwise, do not answer this question.

Do you find that the false representation(s) of ARM was the producing cause of actual damages, if any, to Roswald Hawkins?

\*       \*       \*

ANSWER: Yes.

QUESTION 5: Answer this question only if you have answered Question No. 4 "yes". Otherwise, do not answer this question.

What sum of money, if any, do you find would fairly and reasonably compensate Roswald Hawkins for his actual damages?

Answer in dollars and cents.

ANSWER: $0.00. (original).

QUESTION 6: If you answered Question No. 5 in any amount greater than zero, and only in that event, then answer Question No. 6.

What sum of money, if any, do you find should be assessed against ARM, and awarded to Roswald Hawkins, as exemplary damages?

\*       \*       \*

ANSWER: $50,000.00.

(\* \* \* indicates definitions and instructions omitted).

After the answers to all twenty-nine questions were read into the record counsel for appellee requested permission to approach the bench out of the hearing of the jury. The court returned the jury to the juryroom. Appellee then proceeded to ar-

gue that a conflict existed between the jury's answers to Questions No. 2 and No. 5. Appellant argued that no such conflict existed and the court agreed with appellant's position. Appellee then claimed that there was a conflict between the answers to Questions Nos. 5 and 6. Specifically, appellee argued that answering Question No. 6 was conditioned on an answer of greater than zero to Question No. 5. Appellee claimed, since the jury's answer to Question No. 5 was zero and the jury answered Question No. 6 as $50,000.00 in exemplary damages, there was a conflict in the jury's verdict. He then argued that there was sufficient evidence for the jury to answer all of the issues. Appellee then asked the court to decide the actual damages from the available evidence. Appellant voiced his opposition to the court with regard to appellee's request to the court and appellee's objection to the jury's answers to Questions 5 and 6.

Appellee argued further that the jury's answers to Questions Nos. 4 and 5 were irreconcilable. Question 4 asked the jury to determine whether the false representation of ARM found in Question 3 was the producing cause of actual damages, if any, to Roswald Hawkins. The jury answered yes. Then in Question 5, the jury found that the sum of money that would fairly and reasonably compensate Hawkins for his actual damages was zero dollars. The court announced to the jury that a possible conflict existed and orally instructed the jury to reconsider their answers to Questions 3, 4, 5, and 6. No objection was made under TEX.R.CIV.P. 295 to the failure to give written instructions to the jury in retiring it for further deliberations. After further deliberations, the jury returned a second response to Question No. 5, changing from $0.00 to $3,000.00, the amount of actual damages awarded appellee resulting from the false representations it had found. The verdict as so revised was accepted by the court and the jury was thereafter dismissed.

Appellant now contends that the trial court erred in directing the jury to reconsider its original answers to special questions Nos. 3, 4, 5, and 6. According to

appellant, the trial court should have disregarded the jury's finding on Question No. 6 as immaterial.

■ Concerning Questions 4 and 5, we find that there was no conflict. Question 4 asked· the jury to find whether the false representation(s) of ARM was the producing cause of actual damages, *if any*, to Roswald Hawkins, to which the jury answered yes. Question 5 asked, what sum of money, *if any*, would compensate Hawkins for his actual damages, to which the jury originally answered zero. It was not incumbent upon the jury to award Hawkins an amount greater than zero in Question 5 even though the jury found in favor of Hawkins in Question 4. The "if any" language used in Question 5 gives the jury the option to find that Hawkins was entitled to zero dollars for actual damages despite the jury's finding in the previous question. An answer favorable to a party concerning one of the elements submitted and an answer of "none" or "zero dollars" to another issue does not put the answers in conflict. It merely shows that the party, according to the jury, met his burden of proof in one instance but not in the other. *Thomas v. Oil & Gas Bldg., Inc.*, 582 S.W.2d 873, 881 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

■ Concerning the purported conflict between Questions 5 and 6, it is well settled that a finding and award of actual damages is a necessary predicate to recovery of exemplary damages. *Luce v. Singdahlsen*, 636 S.W.2d 571 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). It is also well settled that when jury questions are conditioned upon an affirmative answer to a prior question, a negative answer to the preceding question renders all subsequent findings either improper, immaterial or devoid of legal significance. *Alpine Telephone v. McCall*, 143 Tex. 335, 184 S.W.2d 830, 834 (1945). Therefore, a jury's answers to conditionally submitted issues should be disregarded as mere voluntary findings when the requisites of the conditional submission were not met or fulfilled. *Collins v. Brown*, 279 S.W.2d 627, 629

(Tex.Civ.App.—San Antonio 1955, no writ). The original jury answer to Question 5 was zero dollars. The jury then proceeded to answer Question 6, concerning exemplary damages as $50,000. This does not present a fatal conflict between jury answers. On the contrary, the jury's answer of "zero" on the actual damages issue rendered any answer to exemplary damages immaterial and any answer thus given by the jury should have been disregarded by the trial court.

Our next problem concerns the disposition to be made of the cause. The trial court entered judgment in favor of appellee for $39,250 plus pre-judgment interest and attorney's fees. Both remaining parties had submitted different requested judgments for entry based on the verdicts given and various actual damage amounts found for each of these parties against the other for contract breach and for attorney's fees in three different amounts, none of which were included in any calculations of the amounts given in the court's own authored judgment. Neither of the parties before us could explain the court's figures and we have no statement of facts from which to determine the propriety of any particular amounts. Appellant requests this court to reform the judgment of the trial court in conformity with the original answers of the jury. Because there can only be one final verdict in a trial, we are without authority to reform the judgment of the trial court. *McCarty v. Morrison*, 468 S.W.2d 350 (Tex. 1971).

In *McCarty*, as here, the first verdict was not accepted by the trial judge because of a perceived conflict in the answers to the jury questions. The trial court directed the jury to renew its deliberations and resolve the conflict. The jury then came back with a new verdict which was received by the court. The Supreme Court stated that the "the second verdict was the only legal verdict in the case" since the first verdict had been set aside by the second. 468 S.W.2d at 351. The Court stated that the second verdict was to some extent the product of compulsion by the trial judge. In such an instance, the Court concluded that the jus-

tice of the case demands a new trial. *Id.* at 353. See also *Robertson Tank Lines, Inc., v. Sawyer*, 416 S.W.2d 886 (Tex.Civ.App.—Corpus Christi 1967) (remanding the cause for a new trial because the improper instructions given the jury, that there was a conflict between their answers, may very likely have led to the change in the jury's answer). In the instant case, the trial court did not accept the jury's original verdict due to a possible conflict in their answers to special issues and directed them to reconsider their answers to certain questions. After further deliberations, the jury returned with a different answer to Question 5. The court received and filed the second verdict and it is only the second verdict which is made a part of the record on appeal. In light of our understanding of the holding in *McCarty* we remand this cause for a new trial. Appellant's sole point of error is sustained.

The judgment of the trial court is reversed and remanded for a new trial.