ACCEPTED
01-14-00204-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/28/2015 3:14:15 PM
CHRISTOPHER PRINE
CLERK

## CAUSE NO. 01-14-00204-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/28/2015 3:14:15 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE HOUSTON [FIRST] COURT OF APPEALS

_____

## On Appeal from the 269th Judicial District Court Harris County Cause No. 2011-16459

_____

## PHONG TRINH, APPELLANT

## V.

## FATHA ELMI AND MED SOLUTIONS PHARMACY, INC., APPELLEES

_____

## APPELLANT'S REPLY TO MOTION FOR RECONSIDERATION

_____

Paul Simon
State Bar No. 24003276
psimon@shmsfirm.com
Rachel Berkley
State Bar No. 24082684
rberkley@shmsfirm.com
SIMON HERBERT & MCCLELLAND, LLP
3411 Richmond Avenue, Suite 400
Houston, Texas 77046
(713) 987-7100 (Main)
(713) 987-7120 (Fax)

**TABLE OF CONTENTS**

**REPLY** ...............................................................................................................1

**CERTIFICATE OF SERVICE** ........................................................................5

# TABLE OF AUTHORITIES

**Cases**

*American Recreational Markets General Agency, Inc. v. Hawkins,*
  846 S.W.2d 476 (Tex. App.—Houston [14th Dist.] 1993, no writ)......................2

*Callejo v. Brazos Elec. Power Coop.*, 755 S.W.2d 73 (Tex. 1988) ..........................2

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005).........................................2, 3

*First State Bank v. Keilman*, 851 S.W.2d at 914
  (Tex. App.—Austin 1993), writ denied...............................................................2

*HCAD v. Riverway Holdings, L.P.*, 2011 WL 529466
  (Tex. App.—Houston [14th Dist.] 2011, pet. denied)...........................................3

*Hunter v. Ford Motor Co.*, 305 S.W.3d 202
  (Tex. App.—Waco 2009, no pet.) .......................................................................3

*Morton v. Johnston*, 1998 WL 713679
  (Tex. App.—Houston [1st Dist.] Aug. 20, 1998, no pet.) .....................................3

*Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195
  (Tex. 2004)..........................................................................................................1

*National Plan Admins., Inc. v. Nat'l Health Ins. Co.,*
  150 S.W.3d 718 (Tex. App.—Austin 2004)..........................................................2

*National Plan Admins., Inc. v. Nat'l Health Ins. Co.*,
  235 S.W.3d 695 (Tex. 2007)................................................................................2

# REPLY

Appellees' Response essentially makes the main point in Trinh's Motion for Reconsideration. Not because of what it says, but because of what it doesn't. Its brief cites nothing which would have allowed the jury, after it found Appellees breached the contract, to award damages zero Trinh based on Trinh's alleged failure to perform. And for good reason: the law in Texas is well-settled that, once one party breaches a contract, the other party is excused from further performance.[1]

Furthermore, Appellees did not ask the trial court to instruct the jury on Trinh's alleged failure to perform the contract, and they do not now challenge the jury's finding that they breached the contract. More importantly insofar as Trinh's "main point" is concerned, there is nothing which suggests Trinh's performance was due *before* Appellees' breach.[2] Accordingly, there is no evidence upon which the jury could have concluded that Trinh failed to perform any of his obligations under the parties' agreement.

---

[1] *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004).

[2] The evidence Appellees point to does not suggest Trinh was required to pay $30,000 *before* Appellees' breach, and at the end of that line of cross-examination, Trinh testified that the parties agreed he was not required to pay more than $10,000 until after the parties signed a written agreement. R.R. Vol. 3, 53: 10–25. This testimony is corroborated by Mitzi Rivero, the attorney Appellees hired to memorialize the parties' agreement. Her contemporaneous notes from her initial meeting with Elmi and Trinh show that she planned to draft a promissory note, secured by Trinh's stock, which Elmi would hold until Trinh paid 100% of the total $30,000 buy-in. R.R., Vol. 3: 225:16 – 227:21. *See also* Exhibit 13, R.R., Vol. 2: 12–19. Rivero's trial testimony was consistent with her contemporaneous notes from that initial meeting. R.R. Vol. 3, 228:22 – 229:2. But, before Rivero drafted these agreements, Elmi told her to stop working on them, and shortly after that, she ousted Trinh. Appellees did not controvert this evidence. Hence, the jury could not have found Trinh was required to complete his buy-in *after* Appellees' breach.

And, because Appellees did not plead or prove any failure by Trinh to perform any aspect of the agreement, and the fact that the evidence of damages could have been—but was not—controverted, the jury was not free to ignore the range of damages to which Trinh's expert testified. So, Appellees distract from the main point and argue Trinh "attacks the prior precedents," when that simply is not true.

Whether *American Recreational*[3] was correctly decided based on evidence not supplied in that opinion or wrongly decided is not relevant to this appeal. What is relevant is that none of the cases cited in the Opinion hold that a jury may "leap outside the evidence." Rather, the law is settled that juries must decide cases on the evidence presented (and reasonable inferences drawn from that evidence), and when it comes to damages, it must award those damages when the evidence could have been readily controverted but was not,[4] particularly when, as here, the evidence of damages required expert testimony.[5] Yet, this jury awarded no

---

[3] *American Recreational Mrkts. Gen. Agency, Inc. v. Hawkins,* 846 S.W.2d 476 (Tex. App.—Houston [14th Dist.] 1993, no writ).

[4] *City of Keller v. Wilson*, 168 S.W.3d 802, 820 (Tex. 2005); *Callejo v. Brazos Elec. Power Coop.*, 755 S.W.2d 73, 75–76 (Tex. 1988); *First State Bank v. Keilman*, 851 S.W.2d 914 (Tex. App.—Austin 1993, writ denied); *National Plan Admins., Inc. v. Nat'l Health Ins. Co.,* 150 S.W.3d 718, 740 (Tex. App.—Austin 2004), *rev'd on other grounds*, 235 S.W.3d 695 (Tex. 2007).

[5] *HCAD v. Riverway Holdings, L.P.*, 2011 WL 529466, *4 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *see also Hunter v. Ford Motor Co.*, 305 S.W.3d 202, 206 (Tex. App.—Waco 2009, no pet.) (quoting extensively from *City of Keller*, 168 S.W.3d at 819–20); *Morton v. Johnston*, 1998 WL 713679, *5 (Tex. App.—Houston [1st Dist.] Aug. 20, 1998, no pet.).

damages even though the undisputed evidence proved Trinh suffered actual economic damages.

Appellees chose to defend a single issue—liability—and lost 12 to zero. The only way around the problem Appellees now face is to misrepresent the state of the evidence presented to the jury. But, what is clear is Appellees cite nothing where they plead Trinh's failure to perform (such as a defense or a condition precedent) and nothing in the record where they presented any evidence in support of that position (which, incidentally, they did not raise in their appellate brief).[6]

Accordingly, because the evidence of damages is undisputed, this Court must reverse and render judgment for Trinh on damages at the lower range of $554,168. Alternatively, it should reverse and remand for a new trial on damages. If this Court agrees and renders judgment in favor of Trinh on damages, then this Court should likewise render on the issue of Trinh's attorney's fees. But, to be perfectly clear, Trinh concedes that, if this Court does not modify its opinion on damages, then the issue of Trinh's legal fees must be retried in light of the reasonableness of the award.

---

[6] The jury found that the parties agreed that Trinh was a 40% owner in the Pharmacy. The jury's finding of no damages necessarily means it ignored the undisputed evidence that the Pharmacy's value increased after Appellees ousted Trinh. The Pharmacy's value was evidenced by the undisputed testimony that just months after Elmi ousted Trinh, she re-sold 10% of the Pharmacy to Ken Taylor for double what Trinh agreed to pay for his share. R.R., Vol. 7, pt. 2, 84 (Elmi Dep., April 13, 2012, 268:24 – 269:19); 338 (Taylor Dep., Oct. 11, 2013, 9:20-23); 86 (Elmi Dep., April 13, 2012, 276:18 – 277:2). Additionally, the evidence is undisputed that Elmi took 100% of the distributions from the Pharmacy, despite the jury's finding that Trinh was a 40% owner of the Pharmacy. R.R., Vol. 3, 33:18 – 34:3; 100:20–22, 101:8–24, 102:3 – 103:10, 103:14 – 104:6, 104:12–24, 105:16 – 106:1, 106:9-21; 170:22 – 172:23, and 192:9–19.

Respectfully submitted,

SIMON HERBERT & MCCLELLAND, LLP

By: */s/ Paul Simon*
          Paul Simon
          State Bar No. 24003276
          Rachel Berkley
          State Bar No. 24082684
3411 Richmond Ave., Suite 400
Houston, Texas 77098
Telephone: (713) 987-7100
Telecopy: (713) 987-7120

**ATTORNEYS FOR APPELLANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 28, 2015, a copy of the foregoing was delivered in a manner prescribed by the Texas Rules of Appellate Procedure to:

***<u>Via Facsimile: (713) 783-0787</u>***
Scott Khoa Bui
Bui & Nhan, PLLC
3921 Ocee
Houston, Texas 77063

*/s/ Paul Simon*
Paul Simon